DODD, ADMR., APPELLANT, *v.* CROWE ET AL., APPELLEES.

[Cite as Dodd v. Crowe (1976), 51 Ohio App. 2d 40.]

(No. 7918—Decided March 17, 1976.)

*Mr. Orval R. Hoover,* for appellant.
*Mr. William M. Oldham,* for appellees.

MAHONEY, J. This is an appeal from a judgment of the Probate Court in proceedings brought under R. C. 2109.50, finding that a savings account on deposit with the Akron National Bank and Trust Company in the name of decedent Ruth C. Dodd and Linda M. Crowe was a valid joint and survivorship account and as such was not an asset of the estate of Ruth C. Dodd.

*Facts*

Ruth C. Dodd, and Shirley R. Dodd were both around 60 years of age, had been previously married, and were childless when they married in 1968. The decedent suffered from a chronic heart condition. Their marriage struggled through her illnesses and his injuries from an auto colli-

sion in 1973. In early 1974, she opened a joint and survivorship account at the Firestone Bank with her brother, Paul Geere. Previously the account had been with her husband. The testimony is uncontradicted that the account with her brother was for her convenience and "to take care of things after her death."

In September of 1974, the decedent commenced divorce proceedings against her husband, Shirley R. Dodd, and they lived separately thereafter. On October 8, 1974, the Domestic Relations Court issued a restraining order on both parties "from selling and encumbering assets, incurring debt, bothering and molesting." There was some evidence of a reconcilation to be effected shortly before her death on February 20, 1975. Unknown to her brother or her husband, on January 6, 1975, decedent closed the account at the Firestone Bank and opened a joint and survivorship account at the Akron National Bank and Trust with her younger second cousin, Linda Crowe. Linda Crowe offered testimony consisting of the decedent's statements that Linda was to have the money upon decedent's death.

*Assignment of Error No. 1*

"The decision of the trial court in finding that the Akron National Bank and Trust Company Savings Account Number 29-007757-1 is a valid joint and survivorship account in the name of the decedent, Ruth C. Dodd and Linda M. Crowe, is contrary to law and against the manifest weight of the evidence."

Ohio has adopted the contract theory as distinguished from the gift or trust theory in its consideration of joint and survivorship bank accounts. *Cleveland Trust Co.* v. *Scobie* (1926), 114 Ohio St. 241; *Rhorbacker* v. *Citizens Bldg. Assn. Co.* (1941), 138 Ohio St. 273. Where a joint bank account is, by the creator thereof, made payable to either or survivor, the right of survivorship vests in the joint depositors by virtue of contract. *Sage* v. *Flueck* (1937), 132 Ohio St. 377. "The fact that a bank account is carried in names of two persons jointly with right of survivorship is not always conclusive as to the ownership of the account, and, where a controversy arises * * * evidence

is admissible * * * to show the true situation." *Fecteau* v. *Cleveland Trust Co.* (1960), 171 Ohio St. 121, paragraph three of the syllabus; *In re Estate of Svab* (1967), 11 Ohio St. 2d 182. "* * * [W]here the trial court finds that the realities of ownership are not in accord with the form of the * * * [contract] * * * the * * * court will reverse a judgment based on such finding only where there is an absence of relevant evidence which would warrant such a finding." *In re Estate of Duiguid* (1970), 24 Ohio St. 2d 137, syllabus. The party who attacks the realities of ownership is, in effect, attempting to show that either no present interest was created or no right of survivorship was intended. The party seeking to uphold the joint and survivorship contract benefits from a rebuttable presumption of validity of the contract but that party has the burden of proof as a general rule. *Steinhauser* v. *Repko* (1972), 30 Ohio St. 2d 262.

We find that the decision of the Probate Court is sustained by credible and probative evidence. Linda Crowe offered evidence, which the court believed, that the decedent had a present intent to create a survivorship account. The opening of the account was sufficient evidence of an intent to create a present interest by way of a right of survivorship in a joint and survivorship account. See, *Miller* v. *Yocum* (1970), 21 Ohio St. 2d 162; *Smyth* v. *Cleveland Trust Co.* (1961), 172 Ohio St. 489.

*Assignment of Error No. 2*

"The decision of the trial court in finding that the creation of said account no. 29-007757-1 was not in violation of the restraining order, granted by the Summit County, Ohio, Court of Common Pleas, Domestic Relations Division, Case No. 74-9-2965, is contrary to law and against the manifest weight of the evidence."

An action under R. C. 2109.50 is of a summary, inquisitorial nature to determine and safeguard assets of an estate. In it, the power of the court is plenary and it may even try title to property. This action was brought on behalf of the estate by the administrator. We fail to see the application of the restraining order in a divorce ac-

tion to this action. Even assuming arguendo that the injunction was more artfully drawn and issued upon proper application of Civ. R. 75, it only operates *in personam* as to the parties. Neither the bank nor Linda Crowe were parties to the divorce, nor were they in any way on notice to be bound by the decedent's action. A contract was entered into between a depositor and a bank acting in good faith. It is not necessary that we determine whether the restraining order was violated. The decedent's action does not preclude any actions that the husband could bring individually against the decedent for an alleged violation of the restraining order.

### Assignment of Error No. 3

"The trial court erred in failing to order Linda M. Crowe to return the $5,923.52 to the administrator or to impose a constructive trust for the benefit of the estate of Ruth C. Dodd on the monies of Ruth C. Dodd presently in the possession of Linda M. Crowe."

We believe this assignment is a suggested vehicle to restore the property to the estate in the event we were to sustain either of the first two assignments of error. This assignment has already been answered.

### Summary

We overrule all three assignments of error. We vacate that part of the court's order finding the restraining order in the divorce action was not violated. Such a determination was not necessary to a decision in a proceeding under R. C. 2109.50. As so modified, we affirm the judgment of trial court.

*Judgment modified and affirmed.*

VICTOR, P. J., and DOYLE, J., concur.

DOYLE, J., retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.