**In re ESTATE OF MEYER.**

[Cite as *In re Estate of Meyer* (1989), 63 Ohio App.3d 454.]

Court of Appeals of Ohio,
Butler County.

Nos. CA88–05–067, CA88–07–096.

Decided June 30, 1989.

*Loeb, Ney, Vollman, Harper & Friedmann* and *Roger E. Friedmann,* for appellant, James W. Meyer.

*Masana & Masana* and *Henry A. Masana,* for appellee, David N. Green.

---

*Per Curiam.*

Appellant, James W. Meyer, and appellant's mother, Margaret A. Meyer, were listed as co-owners of a joint and survivorship account, number 33872, at the Home Federal Savings and Loan Association in Hamilton, Ohio. On August 8, 1986, Meyer withdrew the proceeds and closed the account. Three days later, Margaret A. Meyer died. Her will was offered for probate and on December 23, 1986, Meyer was named executor of the estate. In accordance with his duties as executor, Meyer filed an inventory and schedule of assets. This inventory, which was accepted by the probate court without objection, did not include the proceeds of the joint and survivorship account.

On October 14, 1987, Martha White, an heir at law of the deceased, filed a motion to remove Meyer as executor. Following a hearing, the court granted the motion and appointed appellee, David N. Green, administrator *de bonis non w.w.a.* On March 17, 1988, Green filed a complaint for concealment of assets against Meyer pursuant to R.C. 2109.50. The court issued a citation and summoned Meyer to a hearing before a referee on April 6, 1988. The referee filed an opinion on April 11, 1988 and then an amended opinion and entry on April 21, 1988. In the amended opinion and entry, which was immediately approved by the court, the referee found account number 33872 to be an asset of the decedent's estate and ordered Meyer to provide an accounting of all monies withdrawn from the account three days prior to the decedent's death. Meyer filed a notice of appeal from this entry on May 20, 1988. Subsequent to the filing of the notice of appeal, the probate court filed an additional entry ordering Meyer to pay $5,399.34 to Green.

For his appeal, Meyer set forth two assignments of error and argued, respectively, that the court erred in determining that account number 33872

was an asset of the decedent's estate and in adopting the referee's report without providing Meyer an opportunity to file objections to the report. Upon review of the record, we find that we are without jurisdiction to address these assignments of error because the order appealed from does not constitute a final appealable order.

R.C. 2109.50 provides in pertinent part:

"Upon complaint made to the probate court of the county having jurisdiction of the administration of a trust estate or of the county wherein a person resides against whom the complaint is made, by a person interested in such trust estate or by the creditor of a person interested in such trust estate against any person suspected of having concealed, embezzled, or conveyed away or of being or having been in the possession of any moneys, chattels, or choses in action of such estate, said court shall by citation, attachment or warrant, or, if circumstances require it, by warrant or attachment in the first instance, compel a person or persons so suspected to forthwith appear before it to be examined, on oath, touching the matter of the complaint.   *   *   *

"   *   *   *   *

"The probate court shall forthwith proceed to hear and determine the matter.

"The examinations, including questions and answers, shall be reduced to writing, signed by the party examined, and filed in the probate court.

"If required by either party, the probate court shall swear such witnesses as may be offered by either party touching the matter of such complaint and cause the examination of every such witness, including questions and answers, to be reduced to writing, signed by the witness, and filed in the probate court."

Additionally, R.C. 2109.52 states:

"When passing on a complaint made under section 2109.50 of the Revised Code, the probate court shall determine, by the verdict of a jury if either party requires it or without if not required, whether the person accused is guilty of having concealed, embezzled, conveyed away, or been in the possession of moneys, chattels, or choses in action of the trust estate. If such person is found guilty, the probate court shall assess the amount of damages to be recovered or the court may order the return of the specific thing concealed or embezzled or may order restoration in kind.   *   *   *

"   *   *   * In all cases, except when the person found guilty is the fiduciary, the probate court shall forthwith render judgment in favor of the fiduciary or if there is no fiduciary in this state, the probate court shall render judgment in favor of the state, against the person found guilty, for the amount of the

moneys or the value of the chattels or choses in action concealed, embezzled, conveyed away, or held in possession, together with ten per cent penalty and all costs of such proceedings or complaint; except that such judgment shall be reduced to the extent of the value of any thing specifically restored or returned in kind as provided in this section."

█ The foregoing sections outline a special proceeding which is inquisitorial in nature and involves a charge of wrongful or criminal conduct on the part of the accused. *In re Estate of Black* (1945), 145 Ohio St. 405, 31 O.O. 31, 62 N.E.2d 90; *In re Estate of Fife* (1956), 164 Ohio St. 449, 58 O.O. 293, 132 N.E.2d 185. Accordingly, the statute mandates that specific procedural requirements be followed, including the reduction to writing of the examination of the accused and any witnesses. The statute also requires a finding of guilty or not guilty and the imposition of certain penalties upon a finding of guilty. *Id.;* R.C. 2109.52.

█ In the case at bar, the probate court did not follow the procedural mandates of R.C. 2109.50 *et seq.* Notwithstanding the fact that the examination of Meyer and any witnesses was not transcribed,[1] the court failed to make a finding relative to Meyer's guilt. The amended opinion and entry of the referee, which was approved by the court, merely states that account number 33872 is an asset of the decedent's estate and orders Meyer to provide an accounting of all monies withdrawn three days prior to the decedent's death. Nowhere in the record is there a finding of guilty or not guilty as required by R.C. 2109.52. The court's conclusion that the account is an asset of the decedent's estate does not translate into a finding of guilt. Mere possession of an estate asset does not constitute concealment. *Ukrainiec v. Batz* (1982), 24 Ohio App.3d 200, 24 OBR 323, 493 N.E.2d 1368. Even if the amended opinion and entry could be construed as making a finding of guilt, it would still fail to comply with R.C. 2109.52 because a penalty was not imposed.[2]

---

**1.** Proceedings under R.C. 2109.50 are inquisitorial in nature. Thus, the accused and any other witnesses are considered witnesses of the court, even though the examination of these witnesses may be delegated to and actually conducted by counsel. *In re Estate of Fife*, 164 Ohio St. at 454, 58 O.O. at 296, 132 N.E.2d at 189. Accordingly, it is the responsibility of the court to have the examination transcribed, with costs being assigned to the appropriate party. See R.C. 2109.50, R.C. 2109.52.

**2.** The probate court did file an entry on June 2, 1988 ordering Meyer to pay $5,399.34 to Green. This order, however, was filed subsequent to Meyer's notice of appeal. It is settled that the filing of a notice of appeal divests the trial court of jurisdiction and that any subsequent ruling or order by the trial court is null and void. *Reese v. Proppe* (1981), 3 Ohio App.3d 103, 3 OBR 118, 443 N.E.2d 992. Accordingly, the June 2, 1988 entry has no bearing on the matter before us.

■ As the amended opinion and entry of April 21, 1988 does not conform to the procedural requirements of R.C. 2109.52, we find that it is not a final appealable order. No finding relative to Meyer's guilt or innocence was made and no penalty was imposed. Therefore, no substantial right of Meyer has been affected. R.C. 2505.02. The appeal is dismissed.

*Appeal dismissed.*

HENDRICKSON and YOUNG, JJ., concur.

JONES, P.J., dissents.

JONES, Presiding Judge, dissenting.

I respectfully dissent.

I am convinced that the case at bar involves an order which is final and appealable for purposes of R.C. 2505.02, notwithstanding the probate court's failure to properly follow the procedural requirements of R.C. 2109.50 *et seq.*

R.C. 2505.02 provides, in part, that: " * * * an order that affects a *substantial right* made in a *special proceeding* * * * is a final order that may be reviewed, affirmed, modified, or revised, with or without trial." (Emphasis added.) R.C. 2109.50 is a quasi-criminal statute, the purpose of which is to provide a speedy and effective method of discovering assets to an estate and securing their possession. *Ukrainiec v. Batz* (1982), 24 Ohio App.3d 200, 24 OBR 323, 493 N.E.2d 1368. Undoubtedly, a proceeding under R.C. 2109.50 is a "special proceeding" within the meaning of R.C. 2505.02.

To be a final and appealable order, an order must also affect a substantial right, *i.e.*, a legal right protected by law. See *Union Camp Corp. v. Whitman* (1978), 54 Ohio St.2d 159, 8 O.O.3d 155, 375 N.E.2d 417. The asset in question is a joint and survivorship bank account. When such an account is, by the creator thereof, made payable to either party or the survivor, the right of survivorship vests in the joint depositors by virtue of contract. *Dodd v. Crowe* (1976), 51 Ohio App.2d 40, 5 O.O.3d 163, 365 N.E. 1257. By virtue of the survivorship account, Meyer has a contractual right in the funds of the account which is clearly affected by the probate court's decision finding the account to be an estate asset.

Meyer waited thirty days after the probate court issued this order before filing his notice of appeal, after which the probate court filed an additional entry ordering Meyer to pay the account proceeds to the estate. The majority concludes that the latter entry is a nullity since Meyer had already filed his notice of appeal thereby divesting the probate court of jurisdiction. In this regard, the probate court has done nothing more than adjudicate the account an estate asset. Absent any further action by the probate court, said

determination will never ripen into a final and appealable order although it effectively deprives Meyer of his contractual right to the account proceeds. In addition, there is nothing to prevent this "null and void" order from being reduced to a certificate of judgment and execution being levied against Meyer's property.

The procedural posture of this case is a direct consequence of the probate court's failure to follow the proper procedures of R.C. 2109.50 *et seq.*, and its rote "rubber-stamping" of the referee's opinion. To dismiss the appeal and require the entire appeals process to be repeated simply because the probate court failed to correctly do what it has already effectively done, *i.e.*, order Meyer to pay the account proceeds to the estate, would, in my opinion, constitute a needless waste of judicial time and resources.

I would find the order herein appealed to be a final and appealable order and would proceed to determine the case on its merits.