JOURNAL ENTRY AND OPINION
{¶ 1} Defendants Kim and Michael Brown held a durable power of attorney for ninety-seven-year-old Andrew Vasko. When the Browns used that power of attorney to withdraw more than $28,000 from Vasko's accounts, his family interceded and had him made a ward of the court. A guardian appointed to oversee Vasko's affairs brought a complaint under R.C. 2109.50 against the Browns alleging that they obtained Vasko's funds under false pretenses and used them for their own purposes. The probate division scheduled the matter for a hearing before a magistrate, but neither Kim Brown nor her attorney attended (Kim and Michael were represented by different counsel). When the magistrate issued a decision finding that the Browns had wrongfully taken and concealed Vasko's money, Kim Brown filed objections in which she argued that her attorney withdrew from representation on the eve of the hearing before the magistrate and that she did not have time to secure new counsel. Michael Brown filed his own set of objections claiming that he had no part in any wrongdoing because Kim acted alone. After the court overruled both set of objections to the magistrate's decision, Kim Brown filed a motion for relief from judgment in which she offered evidence that she spent Vasko's money on in-home nursing care for him. Michael Brown separately joined that motion. While those motions for relief from judgment were pending, the Browns filed notices of appeal. The court subsequently denied the motions for relief from judgment without a hearing.
 {¶ 2} We consolidated the separate notices of appeal for record, briefing, hearing and disposition. The consolidated brief does not address any of the issues separately argued by Michael Brown, so the appeal is limited solely to Kim Brown. The guardian has cross-appealed, claiming error in the amount of attorney fees ordered by the court.
 I {¶ 3} Brown argues that the probate division lacked subject matter jurisdiction over the action because it involved a transactional fraud which was not within the jurisdiction of the probate division.
 {¶ 4} Proceedings on a complaint for the embezzlement or concealment of assets are governed by R.C. 2109.50, which states in relevant part:
 {¶ 5} "Upon complaint made to the probate court of the county having jurisdiction of the administration of a trust estate or of the county wherein a person resides against whom the complaint is made, by a person interested in such trust estate or by the creditor of a person interested in such trust estate against any person suspected of having concealed, embezzled, or conveyed away or of being or having been in the possession of any moneys, chattels, or choses in action of such estate, said court shall by citation, attachment or warrant, or, if circumstances require it, by warrant or attachment in the first instance, compel the person or persons so suspected to forthwith appear before it to be examined, on oath, touching the matter of the complaint. * * *"
 {¶ 6} Proceedings under R.C. 2109.50 are quasi-criminal in nature. See In re Estate of Fife (1956), 164 Ohio St. 449, paragraph one of the syllabus. The purpose of R.C. 2109.50 is not to furnish a substitute for a civil action to recover judgment for money owing to an administrator or executor, but to provide a speedy and effective method for discovering assets belonging to the estate and to secure possession of them for the purpose of administration. Goodrich v. Anderson (1940), 136 Ohio St. 509;In re Black (1945), 145 Ohio St. 405.
 {¶ 7} The guardian did not bring a claim for damages resulting from a civil tort of fraud or conversion. He brought the action under R.C.2109.50 for the restoration of estate assets which were allegedly taken in a manner inconsistent with the power of attorney granted to the Browns. And at the risk of putting too fine a point on our analysis, the probate division of the court of common pleas has concurrent jurisdiction with the general division of the court of common pleas over any action involving "a power of attorney." See R.C. 2101.24(B)(1)(b). Thus, this action not only invoked the probate division's sole jurisdiction under R.C. 2109.50, it invoked the probate division's concurrent jurisdiction for actions involving a power of attorney.
 II {¶ 8} Brown's second assignment of error is dispositive. It complains that the court erred by failing to follow the mandatory procedures set forth under R.C. 2109.50 by continuing the hearing when she did not appear. She argues that the statute requires the court to "compel" the attendance of a person against whom a complaint is made, and that it could not proceed with the hearing in her absence.
 {¶ 9} Unlike a regular civil action in which the non-appearance of a party could result in a default judgment, a person compelled to court under R.C. 2109.50 may be imprisoned for failure to obey the court's order to appear. See R.C. 2109.51. R.C. 2109.50 creates a "special proceeding which is inquisitorial in nature and involves a charge of wrongful or criminal conduct on the part of the accused." In re Estate ofMeyer (1989), 63 Ohio App.3d 454, 457. Hence, much as a trial court would not proceed with a trial in the absence of a criminal accused, see Crim.R. 43(A), the quasi-criminal nature of the proceedings under a R.C.2109.50 action bespeaks a similar level of procedural protection for the person named in a R.C. 2109.50 complaint than would be afforded if the matter were purely civil in nature.
 {¶ 10} Accordingly, in In re Estate of Holmes (June 19, 1993), Cuyahoga App. No. 62749, we considered a section 2109.50 complaint filed against a husband and a wife. When the wife did not appear at the hearing, despite having notice, the complainant read parts of the wife's deposition testimony into the record in lieu of her live testimony. On appeal, we held that:
 {¶ 11} "The language of the statute is mandatory, because it states the court shall compel the defendants to appear and shall send such person to jail for failure to appear. The statute was not satisfied here because neither Carolyn Williams nor Wilford Williams testified before the court. The deposition testimony of Carolyn Williams did not satisfy the statute, which requires that the defendant personally appear before the court." (Citation omitted.)
 {¶ 12} Likewise, in Sexton v. Jude (Sept. 7, 1994), Montgomery App. No. CA 14227, the Second Appellate District held for naught a R.C.2109.50 finding of guilt against a party who did not appear at a hearing, despite having notice of the hearing. Relying on our decision inHolmes, the Second District held that the court "was required by R.C.2109.50 to continue the hearing and to take further action to procure him before proceeding to determine his guilt."
 {¶ 13} The guardian attempts to distinguish both Holmes andSexton, but these attempts are unpersuasive. While there may be certain factual distinctions, they are irrelevant to precise rule of law contained in each case — the court may not proceed with a R.C.2109.50 unless it does so in the presence of the person named in the complaint.
 {¶ 14} We are aware that the purpose of a R.C. 2109.50 proceeding is to "facilitate the administration of estates by summarily bringing into them those assets which rightfully belong there." In re Estate ofFife, paragraph two of the syllabus. But the guardian's worries that the Browns can frustrate this purpose by refusing to appear are groundless. The court has the power to compel attendance by using its contempt powers, including jailing a contemnor. See R.C. 2109.51. We trust that the threat of incarceration for contempt will provide sufficient motivation for parties to appear. The materials submitted in conjunction with the motions for relief from judgment suggest that Brown's failure to appear was prompted by difficulties with securing legal counsel, so we do not believe that Brown's absence was a product of contempt for the court. Of course, the veracity of Brown's claim is a matter for the court to consider.
 {¶ 15} We find that the court erred by proceeding to hear the complaint in the absence of Kim Brown. The second assignment of error is sustained and the matter remanded back to the court to conduct a hearing on the complaint for concealment or embezzlement of assets. This holding obviously moots the remaining issues relating to the court's decision to grant a continuance, the motions for relief from judgment, and the guardian's cross-appeal on the matter of the amount of attorney fees.
 {¶ 16} Reversed and remanded.
 {¶ 17} This cause is reversed and remanded for proceedings consistent with this opinion.
Colleen Conway Cooney, J., Kenneth A. Rocco, A.J., concurs.
In Part and Dissents in Part with Separate Opinion.