OPINION
{¶ 1} Appellant, Martha A. Rains, appeals from the April 1, 2004 judgment entry of the Trumbull County Court of Common Pleas, Probate Division, granting judgment in favor of appellee, Marge Burwell, Executrix of the estate of Thelma D. Huntley ("Huntley").
 {¶ 2} On November 25, 2003, appellee filed a complaint against appellant alleging that appellant concealed, embezzled, or conveyed away estate assets pursuant to R.C. 2109.50. On January 20, 2004, appellant filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Civ.R. 12(B)(1). A hearing commenced on January 20, 2004. On February 4, 2004, appellee filed a memorandum in opposition to appellant's motion to dismiss.
 {¶ 3} Also, on February 4, 2004, appellee filed a motion to amend the complaint to conform to the evidence, pursuant to Civ.R. 15(B), and to assert claims for breach of a fiduciary duty and for declaratory judgment. According to its February 10, 2004 judgment entry, the probate court granted appellee's motion to amend the concealment of assets action to conform to the evidence, but denied the motion to amend the complaint to include a declaratory judgment action and breach of fiduciary duty action separate and apart from the special statutory concealment of assets action.
 {¶ 4} On March 11, 2004, the probate court denied appellant's motion to dismiss.
 {¶ 5} On November 12, 1999, Huntley executed her Last Will and Testament, in which she made a specific bequest to Calvary Presbyterian Church and the residue of her estate to appellee and Bonnie Rumbarger. When Huntley's health began to decline, she contacted Angels Caring for You, Inc. ("Angels, Inc."), an in-home nursing service, and met with its vice president, appellant. Huntley signed a contract on May 19, 2000, with Angels, Inc., to provide twenty-four hour care.
 {¶ 6} On December 27, 2000, Huntley allegedly signed a signature card at her home to open a checking account at First Federal Savings and Loan, now First Place Bank. On January 8, 2001, appellant used the signature card, which she also signed, to open a joint and survivorship checking account, No. 10803554, which named Huntley and appellant on the account. A withdrawal slip allegedly signed by Huntley was used to transfer $10,000 from Huntley's individual account, No. 20012046929, to fund the joint and survivorship checking account. On January 17, 2001, a video surveillance tape from First Place Bank shows that appellant presented a withdrawal slip allegedly signed by Huntley to transfer an additional $9,588.05 from Huntley's individual account to the joint and survivorship checking account.
 {¶ 7} On February 12, 2001, James R. Scher, Esq., counsel for Huntley, executed a power of attorney naming appellant as her attorney-in-fact. On April 12, 2001, appellant, using the power of attorney, closed Second National Bank, now Sky Bank, certificate of deposit No. 4111120483, which was held in Huntley's individual name. A personal money order in the amount of $12,786.27 was issued to Huntley. The money order was endorsed by appellant, using the power of attorney, and $12,116.18 of Huntley's funds was deposited into National City Bank checking account No. 65523160, which was held in the names of appellant and her husband, Robert Rains. The remaining balance of Huntley's funds in the amount of $670.09 from the foregoing money order was not deposited into any of Huntley's accounts, but rather into appellant's personal account.
 {¶ 8} On May 17, 2001, appellant, using the power of attorney, closed Sky Bank certificates of deposit Nos. 1237141152, in the amount of $8,335.17, 1237141233, in the amount of $4,813.40, and 1237141195, in the amount of $6,263.52, all held in Huntley's individual name. Three official checks were issued to Huntley. On June 7, 2001, appellant, using the power of attorney, endorsed the checks for the first two certificates of deposit, Nos. 1237141152 and 1237141233, and deposited the total proceeds into her and her husband's National City Bank checking account. On July 31, 2001, appellant, using the power of attorney endorsed and cashed the third check at National City Bank, for certificate of deposit No. 1237141195, in the amount of $6,263.52.
 {¶ 9} Also, Huntley had a Bank One debit card in her name, account number 4060420266982775-0210. The probate court determined that appellant forged Huntley's signature on the debit authorization form. From October 2000 to August 16, 2001, appellant used the debit card to purchase groceries and other goods allegedly for Huntley's benefit, which totaled $7,624.50.
 {¶ 10} Appellant charged Huntley for writing checks and balancing her accounts. From January 17, 2001 to August 9, 2001, appellant received $925 from the First Place Bank joint checking account for these charges.
 {¶ 11} On August 14, 2001, Huntley died at the age of ninety-three. After Huntley's death, Angels, Inc. cleaned Huntley's home, presented a bill to appellee, and appellee paid $1,500 on behalf of the estate. On September 19, 2001, appellant withdrew $5,774.81 from the joint and survivorship checking account at First Place Bank.
 {¶ 12} Pursuant to its April 1, 2004 judgment entry, the probate court determined that appellant was guilty of having concealed, embezzled, conveyed away, or been in possession of moneys from Huntley's estate in the amount of $30,669.19. The probate court granted judgment to appellee in the amount of $30,669.19, plus a ten percent penalty, fees, and costs. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignment of error:
 {¶ 13} "The trial court lacked subject matter jurisdiction to hear the action pursuant to R.C. 2109.50."
 {¶ 14} In her sole assignment of error, appellant argues that the probate court lacked subject matter jurisdiction to hear the action pursuant to R.C. 2109.50. Appellant presents three issues for review. In her first issue, appellant contends that the probate court lacked jurisdiction to consider inter vivos transfers by a power of attorney during the decedent's lifetime under R.C. 2109.50. In her second issue, appellant alleges that the probate court lacked jurisdiction to consider transfers based upon contracts for services under R.C. 2109.50. In her third issue, appellant maintains that the probate court lacked jurisdiction to consider funds in appellant's and Huntley's joint and survivorship account.
 {¶ 15} A probate court is a court of limited jurisdiction and may entertain only those types of actions that the General Assembly permits.Schucker v. Metcalf (1986), 22 Ohio St.3d 33, 34. Proceedings under R.C.2109.50 are quasi-criminal in nature. In re Fife (1956), 164 Ohio St. 449, paragraph one of the syllabus. A probate court has jurisdiction to entertain an action against an attorney-in-fact for concealed or embezzled assets withdrawn with a power of attorney. Fox v. Stockmaster,
3d Dist. Nos. 13-01-34 and 13-01-35, 2002-Ohio-2824, at ¶ 63. R.C. 2109.50
vests a probate court with jurisdiction to discover and retrieve specific property or the proceeds that belong to an estate. In re Black (1945),145 Ohio St. 405, paragraph one of the syllabus.
 {¶ 16} A probate court has jurisdiction over an action brought pursuant to R.C. 2109.50 to recover funds passed to a third party by inter vivos transaction where the validity of the underlying transfer is challenged. Rudloff v. Efstathiadis, 11th Dist. No. 2002-T-0119, 2003-Ohio-6686, at ¶ 8. "[T]he inquiry under R.C. 2109.50 focuses on the ownership of the asset and whether possession of the asset is being impermissibly concealed or withheld from the estate." Wozniak v. Wozniak
(1993), 90 Ohio App.3d 400, 407. "Thus, a plaintiff has stated an actionable cause under R.C. 2109.50 if he alleges that the asset is the exclusive property of the estate and that the defendant has unauthorized possession of the asset or in some way has impermissibly disposed of it." Id.
 {¶ 17} R.C. 2109.50 deals with proceedings when assets are concealed or embezzled and provides that:
 {¶ 18} "[u]pon complaint made to the probate court of the county having jurisdiction of the administration of a trust estate or of the county wherein a person resides against whom the complaint is made, by a person interested in such trust estate * * * any person suspected of having concealed, embezzled, or conveyed away or of being or having been in the possession of any moneys, chattels, or choses in action of such estate, said court shall by citation * * * compel the person or persons so suspected to forthwith appear before it to be examined, on oath, touching the matter of the complaint. * * *"
 {¶ 19} Regarding jurisdiction of a probate court, R.C. 2101.24 states that:
 {¶ 20} "* * *
 {¶ 21} "(B)(1) The probate court has concurrent jurisdiction with, and the same powers at law and in equity as, the general division of the court of common pleas to issue writs and orders, and to hear and determine actions as follows:
 {¶ 22} "* * *
 {¶ 23} "(b) Any action that involves * * * a power of attorney, including, but not limited to, a durable power of attorney[.]
 {¶ 24} "* * *
 {¶ 25} "(C) The probate court has plenary power at law and in equity to dispose fully of any matter that is properly before the court, unless the power is expressly otherwise limited or denied by a section of the Revised Code."
 {¶ 26} In the case at bar, because appellant's three issues are interrelated, we will address them in a consolidated manner. Again, appellant maintains that the probate court lacked subject matter jurisdiction, pursuant to R.C. 2109.50, to consider inter vivos transfers by a power of attorney, transfers based upon contracts for services, and funds in a joint and survivorship account. Appellant stresses that the probate court lacked subject matter jurisdiction because appellee's complaint states only a claim for concealing, embezzling, or conveying away assets of the estate pursuant to R.C. 2109.50. We are not persuaded by appellant's contentions.
 {¶ 27} Appellant's reliance on Burns v. Daily (1996),114 Ohio App.3d 693, is misplaced. In Burns, the decedent hired an attorney to perform legal services and she paid him pursuant to their agreement before she died. Id. at 703. This court indicated that the title to the money passed out of the decedent when she paid her attorney. Id. Therefore, title did not pass to the decedent's executor and, thus, the money did not become an asset of her estate. Id. As such, we determined that the decedent's beneficiaries could not bring, and the probate court had no authority to hear, an action under R.C. 2109.50. Id.
 {¶ 28} In contrast, in Rudloff, supra, less than one month before the decedent's death, the decedent gave gifts of money and stock to the appellants. Id. at ¶ 3. The executor challenged the validity of the transactions. Id. at ¶ 8. This court determined that because the gifts were invalid, ownership never passed from the decedent. Id. at ¶ 9. Therefore, we held that the assets were properly part of the estate and the probate court had jurisdiction under R.C. 2109.50 to hear the executor's claims. Id. at ¶ 13.
 {¶ 29} In the instant matter, like Rudloff, supra, the probate court had jurisdiction regarding the recovering of funds by inter vivos transactions since the validity of the underlying transfers were challenged. See, also, Harrison v. Faseyitan, 7th Dist. No. 03 MA 228,2004-Ohio-6808, at ¶ 36. The record shows that the trial court and/or the parties tried the matter in a dual manner considering the application of both R.C. 2109.50 and R.C. 2101.24. As such, R.C. 2101.24 was contemporaneously made applicable. Thus, the probate court had concurrent jurisdiction, pursuant to R.C. 2101.24(B)(1)(b), to entertain the action for concealed or embezzled assets under R.C. 2109.50 pertaining to power of attorney issues. See Vasko v. Brown, 8th Dist. Nos. 82433, 82560, and 82780, 2003-Ohio-6858, at ¶ 7, (holding that the probate court had concurrent jurisdiction under R.C. 2101.24(B)(1)(b) over an action brought under R.C. 2109.50).
 {¶ 30} Based on the evidence presented, we agree with the probate court, pursuant to appellee's complaint, that appellant improperly made inter vivos transfers using a power of attorney, and impermissibly concealed and/or withheld assets from Huntley's estate. In addition, appellant made two additional suspect transactions after Huntley's death. Further, the record establishes that Huntley was subjected to undue influence by appellant with respect to the joint and survivorship account and the contract for services, which was limited to personal care. Appellant's issues are without merit.
 {¶ 31} Based on the foregoing, appellant's sole assignment of error is not welltaken. The judgment of the Trumbull County Court of Common Pleas, Probate Division, is affirmed.
O'Neill, J., O'Toole, J., concur.