[Cite as *In re Estate of Schoeneman*, 2011-Ohio-5243.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


IN RE: ESTATE OF EARL E.
SCHOENEMAN

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. Sheila G. Farmer, J.
Hon. John W. Wise, J.


Case No. 2010CA00340


O P I N I O N


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
                             Pleas, Probate Division, Case No.
                             204531


JUDGMENT:                    Reversed


DATE OF JUDGMENT:            October 11, 2011


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

GERALD L. BAKER                       DONALD GALLICK
3711 Whipple Avenue, NW               190 North Union Street
Canton, OH  44718                     Suite 102
                                      Akron, OH  44304

*Farmer, J.*

{¶1}   On November 3, 2008, appellee, Louis W. Schoeneman, as Executor, opened the Estate of Earl E. Schoeneman (Case No. 204531).

{¶2}   On March 15, 2010, appellee filed an asset concealment complaint against appellant, Robin Minor (Case No. 208428).

{¶3}   On July 12, 2010, an agreement was journalized memorializing the parties' agreement over the disputed assets (Case No. 208428).

{¶4}   On September 3, 2010, appellee filed an application to approve attorney fees (Case No. 204531).   By judgment entry filed November 24, 2010, the trial court approved the requested fees which included fees incurred in the asset concealment action.

{¶5}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶6}   "THE PROBATE COURT ERRED BY AWARDING ATTORNEY'S FEES IN A CONCEALMENT ACTION WITHOUT MAKING A DETERMINATION OF GUILT AS REQUIRED UNDER §2109.52 OR A FINDING OF BAD FAITH."

II

{¶7}   "OHIO REVISED CODE §2113.36 DOES NOT AUTHORIZE A PROBATE COURT TO AWARD AND APPORTION ALL ATTORNEYS' FEES TO BE PAID FROM THE SHARE OF THE BENEFICIARY WHOSE ACTIONS NECESSITATED THE ESTATE'S HIRING OF AN ATTORNEY."

I

{¶8} Appellant claims the trial court erred in awarding attorney fees in the asset concealment action without making a finding of guilty pursuant to R.C. 2109.52 or bad faith. We agree.

{¶9} On March 15, 2010, appellee filed an asset concealment complaint in Case No. 208428. R.C. 2109.52 governs judgment on an asset concealment complaint and states the following in pertinent part:

{¶10} "When passing on a complaint made under section 2109.50 of the Revised Code, the probate court shall determine, by the verdict of a jury if either party requires it or without if not required, whether the person accused is guilty of having concealed, embezzled, conveyed away, or been in the possession of moneys, chattels, or choses in action of the trust estate. If such person is found guilty, the probate court shall assess the amount of damages to be recovered or the court may order the return of the specific thing concealed or embezzled or may order restoration in kind.*** In all cases, except when the person found guilty is the fiduciary, the probate court shall forthwith render judgment in favor of the fiduciary or if there is no fiduciary in this state, the probate court shall render judgment in favor of the state, against the person found guilty, for the amount of the moneys or the value of the chattels or choses in action concealed, embezzled, conveyed away, or held in possession, together with ten per cent penalty and all costs of such proceedings or complaint; except that such judgment shall be reduced to the extent of the value of any thing specifically restored or returned in kind as provided in this section."

{¶11} The matter sub judice was settled via an agreed judgment entry filed July 12, 2010:

{¶12} "This matter came before the Court for a hearing on July 12, 2010 on the action for concealment. Prior to the hearing, the parties reached a settlement agreement as follows:

{¶13} "1) On Saturday, July 17, 2010 at 10:30 a.m., the Defendant, Robin Minor, ('Defendant') will have the subject boat, motor and trailer available for pick up by the Executor, Louis Schoeneman ('Executor') at the cul de sac near the Defendant's home located at 3304 Chagrin Ave SW, Canton, OH.

{¶14} "2) The sole remaining estate item, a chandelier in the Defendant's home at the address listed in Item 1, will be available for appraisal by the Dimmerling Realty and Auctioneer Company until Monday, August 2, 2010. The parties agree that the Defendant will pay the Estate the value of the chandelier assigned by the Dimmerling Realty and Auctioneer Company.

{¶15} "Confirmation of the above items is to be provided by the Executor no later than August 30, 2010. Failure of the parties to abide by the settlement terms may result in a finding of contempt. Court Costs to Defendant."

{¶16} In a judgment entry filed November 24, 2010 in Case No. 204531, the trial court specifically found the request for attorney fees was appropriate as it pertained to the concealed assets in Case No. 208428:

{¶17} "Upon due consideration of the briefs and oral arguments of the parties, the Court finds the Motion for Payment of Attorney Fees to be well taken. The fees Attorney Baker charged in assisting Executor with the retrieving of the chandelier, boat,

motor, and trailer were reasonable, necessary and benefited the estate. Attorney Baker's efforts in assisting Executor in retrieving the chandelier, boat, motor, and trailer benefited the estate because Executor is responsible for marshaling all of the assets of the estate. Minor's failure to turn over the estate items necessitated the involvement of Attorney Baker and the filing of the concealment action. The estate case could not proceed without the collection of all of the assets of the estate and the beneficiaries could not receive their distributions without the collection of all estate assets.

{¶18} "Accordingly, Executor's Motion for Payment of Attorney Fees against Minor is GRANTED in the amount of $3,026.25. The $3,026.25 shall be deducted from Minor's share of the Estate of Earl E. Schoeneman to the extent possible."

{¶19} Nowhere did the trial court make a finding of guilty under R.C. 2109.52 or of bad faith.

{¶20} An award of attorney fees in a concealment action is proper upon a finding of guilty or a showing of bad faith. R.C. 2109.52; *In the Matter of: The Estate of Lena B. Simons, Deceased,* Trumbull App. No. 2004-T-0066, 2005-Ohio 2362, ¶26; *In re Estate of Toth* (November 29, 1993), Stark App. No. CA-9312. Further, in *In Re: Estate of Meyer* (1989), 63 Ohio App.3d 454, 457, our brethren from the Twelfth District stated the following:

{¶21} "***Accordingly, the statute [R.C. 2109.52] mandates that specific procedural requirements be followed, including the reduction to writing of the examination of the accused and any witnesses. The statute also requires a finding of guilty or not guilty and the imposition of certain penalties upon a finding of guilty.

{¶22} "***The court's conclusion that the account is an asset of the decedent's estate does not translate into a finding of guilt. Mere possession of an estate asset does not constitute concealment."

{¶23} Upon review, we find the trial court erred in awarding the attorney fees.

{¶24} Assignment of Error I is granted.

II

{¶25} Based upon our decision in Assignment of Error I, this assignment is moot.

{¶26} The judgment of the Court of Common Pleas of Stark County, Ohio, Probate Division is hereby reversed.

By Farmer, J.

Hoffman, P.J. and

Wise, J. concur.

_s/ Sheila G. Farmer_____

_s/ William B. Hoffman_____

_s/ John W. Wise_____

JUDGES

SGF/sg 928

[Cite as *In re Estate of Schoeneman*, 2011-Ohio-5243.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

IN RE: ESTATE OF EARL E.       :
SCHOENEMAN                :         JUDGMENT ENTRY
                                   :
                                   :
                                   :
                                   :
                                   :         CASE NO. 2010CA00340

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, Probate Division is reversed.  Costs to appellee.


s/ Sheila G. Farmer_____


_s/ William B. Hoffman_____


_s/ John W. Wise_____

JUDGES