[Cite as *Schoeneman v. Minor*, 2011-Ohio-5460.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| LOUIS W. SCHOENEMAN | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J,<br>Hon. John W. Wise, J. |
| v. | |
| ROBIN MINOR | Case No. 2011CA00063 |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:       Appeal from the Court of Common
Pleas, Probate Division, Case No.
209849


JUDGMENT:       Dismissed


DATE OF JUDGMENT:       October 24, 2011


APPEARANCES:

For Plaintiff-Appellee       For Defendant-Appellant

GERALD L. BAKER       DONALD GALLICK
3711 Whipple Avenue, NW       190 North Union Street
Canton, OH 44718       #102
       Akron, OH 44304

*Farmer, J.*

{¶1}   This case originated upon the filing of a complaint for the concealment of assets filed by appellee, Louis Schoeneman, against appellant, Robin Minor.   In his brief at 13-15, appellee raises the issue as to whether the basis for the appeal, the trial court's March 14, 2011 judgment entry, is a final appealable order.   For the following reasons, we find that it is not.

{¶2}   Ohio law provides that appellate courts have jurisdiction to review only final orders or judgments.   See, generally, Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505 .02.   If an order is not final and appealable, an appellate court has no jurisdiction to review the matter and it must be dismissed.

{¶3}   To be final and appealable, an order must comply with R.C. 2505.02. Subsection (B) provides the following in pertinent part:

{¶4}   "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶5}   "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶6}   "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment."

{¶7}   A complaint for the concealment of assets was filed on August 31, 2010 wherein appellee requested the appearance of appellant for hearing and costs and attorney fees:

{¶8}   "WHEREFORE, he asks that a writ of citation be issued against Robin A. Minor requiring her to appear before said Court forthwith, then and there to be

examined under oath touching the matters set forth in the Complaint, and that such other proceedings may be had in the premises as are authorized by law, including the cost of this action and attorney fees."

{¶9}   Following a hearing on February 28, 2011, the trial court issued the following order:

{¶10}  "Accordingly, the Court finds Robin A. Minor guilty of concealment of the Martin and Springfield firearms as alleged in the Complaint for Concealment of Assets.

{¶11}  "Ohio Revised Code § 2109.52 states that 'if such person is found guilty, the probate court . . . may order the return of the specific thing concealed. . .' The Court hereby ORDERS Robin A. Minor to return to Attorney Baker the Marlin and Springfield firearms listed in Items 16-23 of the Schedule of Assets within ten (10) days of the date of this Judgment Entry. Attorney Baker, attorney for the Estate, shall provide notice to the Court stating whether this Order has been complied with." Judgment Entry filed March 14, 2011.

{¶12}  An award for attorney fees is to be awarded to the complainant in an asset concealment action. R.C. 2109.50; R.C. 2109.52; *In the Matter of: The Estate of Lena B. Simons, Deceased,* Trumbull App. No. 2004-T-0066, 2005-Ohio 2362, ¶26. In this case, appellee was the complaining party and therefore was entitled to seek attorney fees as the fiduciary of the estate. Id. In its March 14, 2011 judgment entry, the trial court failed to make an award as to the costs and attorney fees properly prayed for in the complaint.

{¶13}  In addition, the very language of the trial court's judgment entry was conditional. It ordered the return of the property within ten days of the order, by March

24, 2011, and ordered appellee's attorney to provide notice to the trial court that the order hads been complied with.

{¶14} On March 22, 2011, appellant filed a notice of appeal, along with a motion to stay the judgment. The trial court did not address the stay request. On May 20, 2011, appellant filed a motion for stay with this court. By judgment entry filed June 10, 2011, this court denied the stay as "moot." The record does not suggest why this court considered the request to be moot.

{¶15} As our brethren from the Twelfth District in *In re: Estate of Meyer* (1989), 63 Ohio App. 3d 454, pointed out, although an asset concealment proceeding is a special proceeding involving a substantive right and a determination therefrom qualifies as a final appealable order, the order must include a finding of guilty and the imposition of penalties. The failure to address penalties, i.e., costs and attorney fees, sub judice render the order herein non-final.

{¶16} Based upon the foregoing, this appeal is dismissed.

By Farmer, J.

Wise, J. concur and

Hoffman, P.J. concurs separately.

_s/ Sheila G. Farmer_____


_s/ John W. Wise_____


_____

JUDGES

*Hoffman, P.J., concurring*

(¶17) I concur in the majority's decision to dismiss this appeal for want of a final appealable order.

(¶18) I write separately to note I do so only because of the lack of a decision as to attorney fees.  Unlike the majority, I do not find the inclusion of language in the judgment entry concerning notice to the court of compliance renders the judgment conditional; therefore, not final.



HON. WILLIAM B. HOFFMAN

[Cite as *Schoeneman v. Minor*, 2011-Ohio-5460.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| LOUIS W. SCHOENEMAN | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| v. | : | JUDGMENT ENTRY |
| | : | |
| ROBIN MINOR | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2011CA00063 |


For the reasons stated in our accompanying Memorandum-Opinion, this appeal is dismissed.  Costs to appellant.



_s/ Sheila G. Farmer_____


_s/ John W. Wise_____


_s/ William B. Hoffman_____

JUDGES