**[Cite as *Williams v. Williams*, 2024-Ohio-758.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| TANZANIA WILLIAMS, Guardian of the Estate of Josephine Williams | : : : | |
| | : | C.A. No. 29892 |
| Appellee | : : | Trial Court Case Nos. 2022 MSC 00367; 2021 GRD 00130 |
| v. | : : | |
| | : | (Appeal from Common Pleas Court- |
| TIFFANY WILLIAMS | : | Probate Division) |
| | : | |
| Appellant | | |

. . . . . . . . . . .

O P I N I O N

Rendered on March 1, 2024

. . . . . . . . . . .

TIFFANY WILLIAMS, Pro Se Appellant

PHILIP A. KING, Attorney for Appellee

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Tiffany Williams appeals from a judgment of the Montgomery County Probate Court finding her guilty under R.C. 2109.50 of concealing, embezzling, and conveying assets belonging to her mother.    For the reasons set forth below, we will reverse the judgment and remand the cause for further proceedings consistent with our opinion.

## I.    Facts and Course of Proceedings

{¶ 2} On March 15, 2022, Tanzania Williams was appointed guardian of the person and estate of her mother, Josephine Williams. Later that year, she filed a complaint pursuant to R.C. 2109.50 alleging that her sister, Tiffany Williams, had concealed or embezzled assets from their mother's estate. Subsequently, the court stayed the case for a period of 21 days to allow Tanzania to file an amended complaint.

{¶ 3} On October 26, 2022, Tanzania filed an amended complaint which again set forth a claim for concealment/embezzlement under R.C. 2109.50. In January 2023, Tanzania filed a motion for default judgment. The motion was overruled in February 2023 after the probate court determined that Tiffany had not been served. The record indicates that service was subsequently was completed in April 2023. Thereafter, Tanzania filed a renewed motion for default judgment.

{¶ 4} The motion for default judgment was granted, and a hearing on damages was conducted in June 2023. At the hearing, Tanzania presented testimony regarding funds taken from her mother's bank accounts. She requested damages in the amount of $94,793.37. Tiffany did not appear at the hearing. The probate court subsequently filed a judgment entry finding Tiffany guilty of concealment and entering a judgment against her in the amount of $71,616.11. Tiffany, acting pro se, filed a timely notice of appeal.

## II.    The Trial Court Erred By Granting A Default Judgment

**{¶ 5}** Tiffany asserts the following as her sole assignment of error:

THE TRIAL COURT ERRED BY NOT INVESTIGATING INTO SERVICE FOR COURT DATES IN A TIMELY MANNER.

**{¶ 6}** Tiffany's statement of her assignment of error appears to question whether she was properly served with notice.   However, in her argument, she seems to challenge the sufficiency of the evidence presented by Tanzania during the hearing on damages.

**{¶ 7}** Proceedings in a probate court for embezzlement or concealment of assets are governed by R.C. 2109.50, which states, in relevant part:

Upon complaint made to the probate court of the county having jurisdiction of * * * a guardianship * * * by a person interested in the * * * guardianship * * * against any person suspected of having concealed, embezzled, or conveyed away or of being or having been in the possession of any moneys, personal property, or choses in action of the * * * guardianship, the court shall by citation or other judicial order compel the person or persons suspected to appear before it to be examined, on oath, touching the matter of the complaint.

**{¶ 8}** Additionally, R.C. 2109.51 provides that "if a person compelled under section 2109.50 of the Revised Code to appear for examination refuses to answer interrogatories propounded, the probate court shall commit the person to the county jail, and the person shall remain in close custody until the person submits to the court's order."   Finally, R.C. 2109.52 provides, in part:

When passing on a complaint made under section 2109.50 of the

Revised Code, the probate court shall determine, by the verdict of a jury if either party requires it or without if not required, whether the person accused is guilty of having concealed, embezzled, conveyed away, or been in the possession of moneys, chattels, or choses in action of the * * * guardianship. If the person is found guilty, the probate court shall assess the amount of damages to be recovered or the court may order the return of the specific thing concealed or embezzled or may order restoration in kind.

{¶ 9} These statutes create a "special proceeding which is inquisitorial in nature and involves a charge of wrongful or criminal conduct on the part of the accused." (Citations omitted.) *In re Estate of Meyer*, 63 Ohio App.3d 454, 457, 579 N.E.2d 260 (12th Dist.1989). An action for concealment notifies the probate court of alleged misconduct, which the court must investigate, and then it must make a finding of guilt or innocence based on the evidence presented. *In re Estate of Fife*, 164 Ohio St. 449, 453-454, 132 N.E.2d 185 (1956). Courts have held that R.C. 2109.50 proceedings are quasi-criminal in nature. *Id.* at paragraph one of the syllabus; *Guardianship of Vasko v. Brown*, 8th Dist. Cuyahoga Nos. 82433, 82560, 82780, 2003-Ohio-6858, ¶ 6.

{¶ 10} "The language of the statute is mandatory, because it states the court shall compel the defendants to appear and shall send such person to jail for failure to appear." (Citation omitted.) *Guardianship of Vasko* at ¶ 11. Thus, "[u]nlike a regular civil action in which the non-appearance of a party could result in a default judgment, a person compelled to court under R.C. 2109.50 may be imprisoned for failure to obey the court's order to appear." *Id.* at ¶ 9, citing R.C. 2109.51. "Hence, much as a trial court would

not proceed with a trial in the absence of a criminal accused, *see* Crim.R. 43(A), the quasi-criminal nature of the proceedings under a R.C. 2109.50 action bespeaks a similar level of procedural protection for the person named in a R.C. 2109.50 complaint than would be afforded if the matter were purely civil in nature." *Id.*

{¶ 11} In *Sexton v. Jude*, 2d Dist. Montgomery No. 14227, 1994 WL 483514 (Sept. 7, 1994), this court invalidated a probate court's finding of guilt in an R.C. 2109.50 action against a party who did not appear at a hearing, despite having notice of the hearing. In doing so, we stated, "[i]t is well settled that the 'specific procedural requirements of R.C. 2109.50 must be followed in order to effect a recovery' - that is, in order for the court to impose the penalties described in R.C. 2109.52." (Citations omitted.) *Id.* at *3. We held that, in the absence of the defendant's personal appearance, the court was without statutory authority to act and thus "was required by R.C. 2109.50 to continue the hearing and to take further action to procure him before proceeding to determine his guilt." *Id.* *Accord Guardianship of Vasko* at ¶ 15.

{¶ 12} Here, the probate court did not issue a citation compelling Tiffany to appear after the filing of the amended complaint. Further, the court proceeded to render a default judgment, an action that is not contemplated by the statutes in question. Finally, the court held a hearing and issued a judgment on damages despite Tiffany's absence at the hearing. Given these procedural errors, we conclude the probate court lacked authority to render a judgment against Tiffany. Therefore, the assignment of error is sustained.

III.     Conclusion

**{¶ 13}** Having sustained Tiffany's assignment of error, we will reverse the judgment of the probate court and remand the matter for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

EPLEY, P.J. and HUFFMAN, J., concur.