OPINION
{¶ 1} Defendant-appellants, Chris Efstathiadis, Helen Efstathiadis, Kitsa Efstathiadis, and Anna Efstathiadis (collectively "Efstathiadis"), appeal the August 16, 2002 judgment entry of the Court of Common Pleas of Trumbull County. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} This case began when plaintiff-appellee, Randil J. Rudloff ("Rudloff"), executor of the estate of Warren E. Fletcher ("decedent"), filed suit against the Efstathiadis. On February 20, 2001, Rudloff filed an amended complaint on behalf of the estate alleging that the Efstathiadis concealed and/or carried away certain monies and securities of the decedent. Rudloff sought a declaration that any transfer of cash or securities from the decedent to the Efstathiadis is void and that such assets are included in the inventory of the decedent's estate. Rudloff also sought judgment against the Efstathiadis sufficient to compensate the estate for any loss sustained as a result of the Efstathiadis' conduct.
 {¶ 3} On December 6 and 7, 2001, a bench trial was held before a magistrate of the probate court. The magistrate found that in May of 2000, less than a month before the decedent's death on June 2, 2000, the decedent wrote two checks to the Efstathiadis for $10,000 each and transferred 620 shares of Exxon Mobile stock to the Efstathiadis. The magistrate further found that the Efstathiadis enjoyed a confidential/fiduciary relationship with the decedent. Therefore, a presumption of undue influence arose regarding the validity of the decedent's gifts. The magistrate concluded that the Efstathiadis failed to rebut this presumption by showing that the decedent acted voluntarily and with a full understanding of his act and his consequences.
 {¶ 4} The probate court judge accepted the magistrate's findings and entered judgment in favor of Rudloff for $20,000 plus the value of 620 shares of Exxon stock as of the date of transfer. In a judgment entry dated August 16, 2001, the court determined the value of this stock to be $51,227.50. From this judgment, the Efstathiadis timely bring a single assignment of error.[1]
 {¶ 5} "Whether the Trial (Probate Court) has subject matter jurisdiction in the matter heard below where the rule of law in the 11th District Court of Appeals, in the case styled Burns, Trustee, et al. vs.Daily (1996), 114 Ohio App.3d 693; 683 N.E.2d 1164; (discretionary appeal to the Supreme Court of Ohio not allowed, (1997), 78 Ohio St.3d 1428,676 N.E.2d 533), clearly demonstrates it did not, and where the lack of subject matter jurisdiction may be raised at the appellate level for the first time." (Sic.)
 {¶ 6} A probate court is a court of limited jurisdiction, and may entertain only those types of actions that the General Assembly permits.Schucker v. Metcalf (1999), 22 Ohio St.3d 33, 34. Section 2109.50 of the Revised Code[2] vests a probate court with jurisdiction to discover and retrieve specific property or the proceeds/value thereof that belong to a trust estate. In re Estate of Black (1945), 145 Ohio St. 405, paragraph one of the syllabus.
 {¶ 7} In Burns, this court stated: "In order for an asset to belong to a probate estate, title to the asset must rest in the decedent upon her death. * * * If title to personal property resides in the decedent upon her death, title to that property passes over to the executor or administrator of the estate, * * * and the property can be properly considered `probate property' subject to a discovery proceeding under R.C. 2109.50. * * * If, on the other hand, title does not reside in the decedent upon her death, but passed to a third party by inter vivos
transaction or gift, then such property may not be included as an estate asset, and may not be retrieved by a summary proceeding in the probate court." 114 Ohio App.3d at 702-703 (internal citations omitted); accordVogler v. Donley (Dec. 16, 1998), 7th Dist. No. 97 BA 63, 1998 Ohio App. LEXIS 6175, at *6-*7; Harpster v. Castle (June 28, 1993), 5th Dist. No. CA 1022, 1993 Ohio App. LEXIS 3414, at *3.
 {¶ 8} The question before this court is whether a probate court has jurisdiction over an action to recover funds passed to a third party by inter vivos transaction where the validity of the underlying transfer is challenged. We hold that the court does have jurisdiction.
 {¶ 9} Resolution of this issue turns on the question of title, i.e., whether the disputed assets belonged to the decedent at the time of his death. Burns, 114 Ohio App.3d at 703; Wozniak v. Wozniak (1993),90 Ohio App.3d 400, 407 ("the inquiry under R.C. 2109.50 focuses on the ownership of the asset and whether possession of the asset is being impermissibly concealed or withheld from the estate"). Because the gifts of the $20,000 in cash and 620 shares of stock to the Efstathiadis are invalid, ownership never passed from the decedent and these assets are properly part of the estate, albeit wrongfully withheld.
 {¶ 10} Since a fiduciary relationship existed between the decedent and the Efstathiadis, the law presumes the invalidity of the gift. Baconv. Donnet, 9th Dist. No. 21201, 2003-Ohio-1301, at ¶ 30 ("[s]elf-dealing transactions by a fiduciary are presumptively invalid"); Brooks v. Bell (Apr. 10, 1998), 1st Dist. No. C-970548, 1998 Ohio App. LEXIS 1476, at *13 ("[w]here a confidential or fiduciary relationship exists between a donor and a donee * * * a presumption arises that the transfer was unauthorized"); In re Worrall (Apr. 11, 1994), 12th Dist. No. CA93-10-201, 1994 Ohio App. LEXIS 1515, at *4 ("[w]hen a gift is made between parties occupying a fiduciary, confidential, or dependent relationship, a presumption arises that such gift is void"). The burden rests upon the donee to show by clear and convincing evidence the donor's intention to make the gift. In re Estateof Fife (1956), 164 Ohio St. 449, 456. In this case, that presumption was never rebutted. The assets at issue passed to the estate upon the decedent's death. Therefore, the probate court had jurisdiction under R.C. 2109.50 to hear Rudloff's claims. Wozniak, 90 Ohio App.3d at 407 ("a plaintiff has stated an actionable cause under R.C. 2109.50 if he alleges that the asset is the exclusive property of the estate and that the defendant has unauthorized possession of the asset or in some way has impermissibly disposed of it").
 {¶ 11} We point out that the result would be different if the assets had passed to the Efstathiadis by contract, for example, in the manner as the assets at issue in Burns. In the case of transfer by contract, title would have passed upon payment to the payees/Efstathiadis. Burns, 114 Ohio App.3d at 703. Rudloff might still have been entitled to recover the funds under a theory of fraud, conversion, breach of fiduciary duty, or breach of contract. However, the action under any of these theories of recovery would have to be pursued in the general division of the court of common pleas. Id. at 704;Wozniak, 90 Ohio App.3d at 407 (R.C. 2109.50 "is not intended as a substitute for a civil action to collect a debt, obtain an accounting, adjudicate rights under a contract or recover judgment for money owing an executor or administrator").
 {¶ 12} We also find that the probate court had jurisdiction to render the declaratory judgment requested by Rudloff that all transfers to the Efstathiadis be deemed invalid. Probate courts are given jurisdiction "to render declaratory judgments." R.C. 2101.24(A)(1)(l). Pursuant to R.C. 2721.05(C), Rudloff was entitled to seek a "declaration of rights * * * [t]o determine any question arising in the administration of the estate." The Ohio Supreme Court, construing these statutes, has held "that a declaratory judgment action may be brought in the probate court to determine the validity of inter vivos transfers where the property transferred would revert to the estate if the transfers are invalidated." State ex rel. Lipinski v. Cuyahoga Cty. Court of CommonPleas, Probate Div., 74 Ohio St.3d 19, 22, 1995-Ohio-96 (citation omitted); also, Corron v. Corron (1988), 40 Ohio St.3d 75, 79; Bobko v.Sagen, (1989), 61 Ohio App.3d 397, 406-407; Eger v. Eger (1974),39 Ohio App.2d 14, 18.
 {¶ 13} For the foregoing reasons, we find that the probate court had subject matter jurisdiction to hear Rudloff's complaint for concealed assets and for declaratory judgment. The decision of the Trumbull County Court of Common Pleas, Probate Division, is affirmed.
Judgment affirmed.
Cynthia Westcott Rice, J., concurs.
Judith A. Christley, J., concurs in judgment only with a concurring opinion.
[1] The issue of a court's subject-matter jurisdiction to hear a particular case is a special issue that may be raised for the first time on appeal. Burns v. Daily (1996), 114 Ohio App.3d 693, 700-701, citingJenkins v. Keller (1966), 6 Ohio St.2d 122, paragraph five of the syllabus.
[2] R.C. 2109.50 provides: "Upon complaint made to the probate court of the county having jurisdiction of the administration of a trust estate or of the county wherein a person resides against whom the complaint is made, by a person interested in such trust estate or by the creditor of a person interested in such trust estate against any person suspected of having concealed, embezzled, or conveyed away or of being or having been in the possession of any moneys, chattels, or choses in action of such estate, said court shall by citation, attachment or warrant, or, if circumstances require it, by warrant or attachment in the first instance, compel the person or persons so suspected to forthwith appear before it to be examined, on oath, touching the matter of the complaint."