[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[1] The complaint lists the first party as "State of Ohio, ex rel., Athens County Department of Job and Family Services." The trial court's judgment entry lists the party as referred to in the above caption.
 DECISION AND JUDGMENT ENTRY
{¶ 1} Brian Balch, Sr., appeals the trial court's judgment finding him to be the father of Kyleigh[2] Balch and Brian Balch, Jr., and ordering him to pay child support for the children and the costs of Kyleigh's birth. Balch raises six assignments of error. The first five assignments of error basically assert that because an administrative paternity and support order already had *Page 2 
been issued, the trial court lacked authority to re-determine those issues and to then award birthing expenses to Athens County Child Support Enforcement Agency (CSEA). Although CSEA phrased its complaint as a "complaint for support," it in essence was a complaint for birthing expenses. The complaint did not allege that Balch had failed to pay support, but simply alleged the existence of the administrative order and requested that the court award birthing expenses and "other relief." Because we find sufficient jurisdictional support for juvenile court's actions, we affirm the court below.
 I. FACTS. {¶ 2} On July 14, 2003, an administrative support order was filed establishing the paternity of Kyleigh and ordering Balch to pay $291.17 per month as child support. On May 12, 2004, an administrative support order was filed establishing the paternity of Brian, Jr., and ordering Balch to pay $84.92 per month as child support. Neither the mother nor the father appealed the orders.
 {¶ 3} On January 15, 2004, CSEA filed a "complaint for support and for the payment of birthing costs" relating to Kyleigh. CSEA alleged that Balch was established to be the father of the child pursuant to an administrative paternity order. It requested the court to (1) grant a judgment establishing the existence of the father-child relationship; (2) impose an *Page 3 
order for child support and health insurance coverage; (3) grant judgment for the cost of medical expenses associated with the pregnancy and birth of the minor child; (4) order a new birth certificate be issued, if necessary; and (5) all other relief.
 {¶ 4} On June 30, 2004, CSEA filed a "complaint for support" relating to Brian, Jr. It alleged that appellant previously had been administratively determined to be the father of the child. CSEA requested the court to (1) enter a judgment establishing the existence of the father-child relationship; (2) order a new birth certificate naming Balch as the father, if necessary; (3) impose an order for support and health insurance coverage; and (4) "all other relief to which [it] may be entitled."
 {¶ 5} In both complaints, CSEA alleged that R.C. 3111.04 authorized it to bring the actions.
 {¶ 6} Balch did not answer either complaint.
 {¶ 7} On June 3, 2005, Balch filed a "motion to dismiss for failure to prosecute; motion for summary judgment; [and] motion to dismiss for lack of jurisdiction." He argued that he was entitled to summary judgment because paternity and support had been administratively determined. He argued that the court lacked jurisdiction because when there is a final acknowledgment of paternity, paternity issues may not be raised in an action *Page 4 
filed under R.C. 2151.231. Balch asserted that the prior order is res judicata on the issue of paternity and CSEA may not relitigate paternity in a collateral proceeding to collect birthing expenses. He contended that the trial court lacked jurisdiction under R.C. 2151.231 because an administrative support order already was in place.
 {¶ 8} In response, CSEA asserted that it was not seeking to relitigate paternity but was "asking that the Court give full faith and credit to the administrative order, recognizing that Defendant is the father of the children in these two cases, and is thus responsible to repay any birthing costs associated with the Plaintiffs pregnancy with the children." CSEA argued: "The agency is unable to address the issue of birthing costs at the administrative level, a fact agreed to by Defendant. Therefore, the CSEA must request that the court order judgment for the birthing costs, which is provided for in R.C. 3111.13(C)."
 {¶ 9} The trial court overruled appellant's motion.
 {¶ 10} On April 11, 2006, the magistrate issued a decision as to the merits of CSEA's complaint. He found that (1) the court has jurisdiction; (2) Balch acknowledged that he is the father of Kyleigh and Brian, Jr.; (3) the state expended $7,372.96 for pregnancy and birthing costs for Kyleigh; (4) CSEA established the child support obligation by an administrative *Page 5 
proceeding at $291.17 per month for Kyleigh and $84.92 per month for Brian, Jr.; (5) the children's mother stated that she does not wish to collect child support from Balch; and (6) Balch owes $4,800.98 as past due child support.
 {¶ 11} On April 11, 2006, the trial court adopted the magistrate's decision. The court found Balch to be the natural father of Kyleigh and Brian, Jr., and found that a father-child relationship existed. The court adopted the administrative support order and entered judgment against Balch for child support arrears in the amount of $4,800.98 and for birthing costs associated with Kyleigh in the amount of $7,372.96.
 {¶ 12} Balch subsequently objected to the magistrate's decision. He argued that the court lacked jurisdiction over CSEA's complaint and that CSEA failed to submit any evidence or witness testimony in support of its claim for reimbursement of medical costs.
 {¶ 13} CSEA argued that R.C. 2151.231 permits it to file an action in juvenile court requesting the court to issue an order requiring a parent to pay child support. It asserted that R.C. 2151.23(B)(2) grants the juvenile court original jurisdiction to "determine the paternity of any child alleged to have been born out of wedlock pursuant to sections3111.01 to 3111.18 of the *Page 6 
Revised Code." CSEA also cited R.C. 3111.04 as authority for its complaint. CSEA argued:
 "The Complaints for Support filed in these cases each raise the issue of the existence of a parent-child relationship between Defendant and each of the children in the respective complaints by acknowledging that paternity was established through administrative proceedings. Further, the Complaints each state that an administrative finding of paternity is to be given full faith and credit by a court of law, pursuant to ORC 3111.02. The CSEA demands in each Complaint that the Court grant them a judgment of paternity in keeping with the administrative finding, and further relief to which the Plaintiffs may be entitled. The CSEA maintains that it is unable to pursue such `further relief by any means other than the court actions it filed. The CSEA submits that it is not seeking to relitigate the issue of parentage. Nor is the agency appealing its own order, as suggested by Defendant. Rather, the agency is asking that the Court give full faith and credit to the administrative order, recognizing that Defendant is the father of the children in these two cases, and is thus responsible to repay any birthing costs associated with the Plaintiffs pregnancy with the children."
 {¶ 14} On July 11, 2006, the trial court overruled appellant's objections. The court found that it possessed jurisdiction and explained its reasoning as follows:
 "R.C. 2151.23(B) grants jurisdiction to juvenile courts pursuant to RC. 3111.01 to R.C. 3111.18. While it is true that paternity was established administratively, the CSEA is not seeking to relitigate it with this action[. R]ather they are seeking judicial recognition of the finding. Such recognition opens the door for other relief as provided in R.C. 3111.01 et. seq. It further appears that the legislation which created the current language of these relevant statutes intended to afford the *Page 7 
opportunity for CSEA's to seek judicial adoption of their administrative findings for purposes of enforcement."
The court additionally overruled the objection that CSEA failed to present specific evidence of the birthing costs. The court noted that "no answer was filed denying the claim or contesting the amount. The only issues discussed at the hearing were the fact that birthing costs were being sought in one case only and the amount of the repayment order. Had defendant challenged his duty to repay or the amount of the costs, even at the late date of the hearing, the court could have continued that matter for later evidentiary hearing."
 II. ASSIGNMENTS OF ERROR. {¶ 15} Balch timely appealed the court's judgment and assigns the following errors:
 {¶ 16} I. WHERE PATERNITY AND SUPPORT HAS BEEN ESTABLISHED ADMINISTRATIVELY, AND THE TIME FOR APPEAL HAS PASSED, THE JUVENILE COURT LACKS STATUTORY AUTHORITY, AND HENCE JURISDICTION TO REOPEN ISSUES OF PATERNITY IN AN ACTION BROUGHT UNDER SECTION 2151.231 OF THE REVISED CODE.
 {¶ 17} II. AN ADMINISTRATIVE PATERNITY DETERMINATION THAT IS FINAL UNDER STATUTE IS "RES JUDICATA." EXCEPT AS SPECIFICALLY PROVIDED BY STATUTE, THE JUVENILE COURT LACKS JURISDICTION TO HEAR A NEW PATERNITY ACTION FOR THE SAME CHILDREN UNDER SECTIONS 3111.01 TO 311.18 OF THE REVISED CODE. *Page 8 
 {¶ 18} III. THERE IS NO STATUTORY AUTHORITY FOR A COUNTY CHILD SUPPORT ENFORCEMENT AGENCY TO APPEAL OR OTHERWISE CHALLENGE AN ACKNOWLEDGMENT OF PATERNITY IN JUVENILE COURT. IT IS REVERSIBLE ERROR FOR THE JUVENILE COURT TO HEAR SUCH AN ACTION.
 {¶ 19} IV. THERE IS NO STATUTORY AUTHORITY FOR A COUNTY CHILD SUPPORT ENFORCEMENT AGENCY TO APPEAL OR OTHERWISE CHALLENGE ITS OWN ADMINISTRATIVE ORDERS FINDING PATERNITY AND ORDERING SUPPORT. IT IS REVERSIBLE ERROR FOR THE JUVENILE COURT TO HEAR SUCH AN ACTION.
 {¶ 20} V. WHERE PATERNITY AND SUPPORT HAVE BEEN ESTABLISHED ADMINISTRATIVELY, THERE IS NO STATUTORY AUTHORITY FOR THE COUNTY CHILD SUPPORT ENFORCEMENT AGENCY TO BRING A SEPARATE ACTION IN THE JUVENILE COURT TO RECOVER THE COSTS OF BIRTH UNDER SECTION 3111.13(C) OF THE REVISED CODE. IT IS REVERSIBLE ERROR FOR THE JUVENILE COURT TO HEAR SUCH AN ACTION.
 {¶ 21} VI. THE JUVENILE COURT'S JUDGMENT FOR THE CHILD SUPPORT ENFORCEMENT AGENCY FOR THE COSTS OF BIRTH PAID BY THE STATE IS NOT SUPPORTED BY THE EVIDENCE SUBMITTED AT TRIAL.
 III. STANDARD OF REVIEW. {¶ 23} "The jurisdiction of a court is that power conferred upon it by law, by which the court is authorized to hear, determine and render final judgment in an action, and to enforce its judgment by legal process." Borkosky v. Mihailoff (1999), 132 Ohio App.3d 508, 511,725 NE.2d 694, *Page 9 
citing State ex rel. Ellis v. Bd. of Deputy State Supervisors ofCuyahoga Cty. (1904), 70 Ohio St. 341, 349, 71 NE. 717. "A court possesses initial authority to determine its own jurisdiction over the parties and the subject matter absent a patent and unambiguous lack of jurisdiction. State ex rel. Enyart v. O'Neill (1995), 71 Ohio St.3d 655,646 N.E.2d 1110. The existence of the trial court's subject matter jurisdiction is a question of law which we review de novo."Yazdani-Isfehani v. Yazdani-Isfehani, Athens App. No. 06CA6,2006-Ohio-7105, at ¶ 20, citing State v. Moore, Highland App. No. 03CA18, 2004-Ohio-3977, at ¶ 8, and Burns v. Daily (1996),114 Ohio App.3d 693, 701, 683 NE.2d 1164. Therefore, we do not grant any deference to the trial court's conclusion. Id.
 III. LEGAL ANALYSIS. {¶ 24} Initially, we must determine a threshold issue presented in the case below by the failure of the Appellant to file a responsive pleading below and its effect on the assignments of error.
 {¶ 25} Civ.R. 12(B), governing defenses and objections, states, in pertinent part:
 "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) *Page 10 
insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19 or Rule 19.1."
 {¶ 26} When the Appellant was initially served, he did not file an answer, but rather filed a "motion to dismiss for failure to prosecute; motion for summary; [and] motion to dismiss for lack of jurisdiction." However, on appeal, appellee's second assignment of error raises res judicata, however, this defense is not amongst those defenses specifically enumerated in Civ.R. 12(B) that can be made by motion rather than responsive pleading. See generally State ex rel. Freeman v.Morris (1991), 62 Ohio St.3d 107, 109, 579 N.E.2d 702; Shaper v.Tracy (1995), 73 Ohio St.3d 1211, 1212, 654 N.E.2d 1268. Additionally, Civ.R. 8(C) requires res judicata defenses to be set forth in pleadings, as follows:
 "In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, want of consideration for a negotiable instrument, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense."
(Emphasis added). Res judicata is an affirmative defense not properly decided in a motion to dismiss. See generally Cooper v. Highland Cty.Bd. of Commrs. (May 13, 2002), Highland App. No. 01CA15, 2002-Ohio-2353, at ¶ 11; Hamrick v. Daimler-Chrysler Motors (June 18, 2003), Lorain App. *Page 11 
No. 02CA008191, 2003-Ohio-3150, at ¶ 7; Charles Gruenspan Co. v.Thompson (July 10, 2003), Cuyahoga App. No. 80748, 2003-Ohio-3641, at ¶ 10. Because Civ.R. 8 and 12(B) require res judicata defenses to be raised in a responsive pleading, we find appellee's second assignment of error to be without merit.
 IV. JURISDICTIONAL AUTHORITY. {¶ 27} Balch's remaining assignments of error all relate to the trial court's jurisdiction to entertain CSEA's complaint. Therefore, we address them together.
 {¶ 28} In the case at bar, to determine whether the court had jurisdiction over CSEA's complaint, we initially must look to the general jurisdiction of juvenile courts in Ohio in this area. R.C. section 2151.23(B)(2) grants to the juvenile court the original jurisdiction to "determine the paternity of any child alleged to have been born out of wedlock pursuant to sections 3111.01 to 3111.18 of the Revised Code."
 {¶ 29} Further, in RC. section 2151.231, it provides:
 If a complaint is filed under this sections and an issue concerning the existence or nonexistence of a parent-child relationship is raised, the court shall treat the action as an action pursuant to sections 3111.011 and 3111.18 of the Revised Code.
 {¶ 30} Also, R.C. section 3111.06(A) in pertinent part, states: *Page 12 
 An action authorized under section 3111.10 to 3111.18 of the Revised Code may be brought in juvenile court . . . of the county in which the child is being provided support by the county department of job and family services of that county. (Emphasis added.)
 {¶ 31} Lastly, the general grant of jurisdiction to a juvenile court in R.C. sections 2151.23 (A)(11), (B)(4), and (G) permits the necessary subject matter jurisdiction involved below.
 {¶ 32} As such, the juvenile court has the authority to hear the issues raised by the Appellee's complaint. Accordingly, Appellant's first, third and fourth assignments of error are without merit.
 {¶ 33} In Appellant's fifth and sixth assignments of error he argues the juvenile court has no authority to hear an action brought by CSEA for birthing expenses and there is no support in the record for the trial court's award.
 {¶ 34} Initially we note there is no statutory provision for CSEA to seek or recover the birthing expenses via the administrative process. Accordingly, CSEA must request the Court to award pursuant to R.C.3111.13(C). In relevant portion, it provides: "the judgment or order may contain, at the request of a party . . . any other provision directed against the appropriate party to the proceedings, concerning the duty of support, the *Page 13 
payment of all or any part of the reasonable expenses of the mother's pregnancy and confinement***[.]"
 {¶ 35} In Stacey L. v. Leonardo A. (May 11, 2001), Erie App. No. E-00-053, the 6th District Court of Appeals stated:
 A perusal of the statutory section named in R.C. 3111.22 (E) fails to reveal any express grant of authority to the CSEA administrative officer to consider birthing expenses, retroactive child support, and past medical expenses incurred on behalf of the minor child between the time of birth and the date set in the administrative order for commencement of the child support obligation.
 {¶ 36} The same court went on to say, "the ability to award birthing expenses, retroactive child support and past health expenses in a parentage action is, by statute, accorded to a juvenile court." See alsoBeach v. Poole (1996), 111 Ohio App.3d 710, 712; Seegert v. Zietlow
(1994), 95 Ohio App.3d 451, 459; Michael F. v. Sharon R. (Mar. 9, 2001), Ottawa App. No. OT-00-34, unreported.
 {¶ 37} In regard to Appellant's sixth assignment of error, we find that because Appellant did not file an answer, as required by Civ. R. 8, those undisputed allegations were admitted. Had Appellant filed a responsive pleading denying the amount alleged in the Complaint the outcome may have been otherwise. *Page 14 
 {¶ 38} Therefore, the court below had the authority to award these expenses and we see no error with the court's award of the same below. As such, Appellant's fifth and sixth assignments of error are without merit and overruled
 {¶ 39} Accordingly, based upon the foregoing reasons, we overrule all six assignments of error and affirm the judgment below.
JUDGMENT AFFIRMED.
[2] The record contains various spellings of Kyleigh's name. We use the spelling that appears in the original complaint and in the administrative paternity order.