DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Pike County Common Pleas Court, Probate Division, judgment that concluded that Howard E. Tewksbury, Jr., appellant herein, concealed estate assets.
 {¶ 2} Appellant raises the following assignments of error for review:
 FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED WHEN IT DETERMINED THAT IT HAD SUBJECT MATTER JURISDICTION TO HEAR THE APPELLEES' `COMPLAINT FOR CONCEALING OR EMBEZZLING ASSETS.'"
 SECOND ASSIGNMENT OF ERROR: *Page 2 
 "THE TRIAL COURT ERRED WHEN IT FAILED TO COMPLY WITH THE REQUIREMENTS OF R.C. 2109.50 AND 2109.51."
 THIRD ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN ITS DECISIONS FINDING APPELLANT GUILTY OF CONCEALMENT OF ASSETS AND IN GIVING CERTAIN VALUES TO CERTAIN ASSETS AS ITS DECISIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND NOT BASED ON SUFFICIENT EVIDENCE."
 {¶ 3} On October 23, 1999, Howard E. Tewksbury, Sr. died intestate. The trial court subsequently appointed his son, Harley Tewksbury (appellee), the estate administrator.
 {¶ 4} On April 10, 2001, appellee[1] filed a complaint that alleged that his brother (appellant) had concealed, embezzled, or conveyed away moneys, goods, chattels, things in action, or effects belonging to the decedent's estate.
 {¶ 5} At the hearing on the complaint, appellant offered the only testimony and claimed that the decedent had given him the disputed property.
 {¶ 6} In September 2003, appellee and several other heirs filed an amended complaint against Howard E. Tewksbury, Beatriz Wishart, Christopher E. Tewksbury, and Cynthia Besmonte Gillenwater. The complaint contained ten causes of action relating to their allegedly improper possession of the decedent's personal property. The trial court later transferred all of the claims, except the concealment claim, to the general division.
 {¶ 7} On September 14, 2004, the trial court concluded that it possessed *Page 3 
jurisdiction "to discover and recover assets of an estate that have been conveyed away or are in the possession of one not the fiduciary of the estate. Further the court finds that an accused cannot escape the provisions of said sections by a naked claim of an inter vivos gift from the decedent, especially when the accused stood in a fiduciary relationship with the decedent at the time of the alleged gift, as in the instant case." The court determined that the personal property should be delivered to appellee.
 {¶ 8} On March 14, 2005, the trial court found appellant guilty of having concealed, embezzled, and conveyed away the following items: "Multiple hand tools; auger for tractor; 2 Pouland chain saws; several other chain saws; multiple power tools; 3-pt. hay fork; several plows; 3 discs; 7-ft. bush hog; `Bush Hog' mowing machine; round bailer; square bailer; Kubota tractor with front loader and backhoe; Honda 200 4-wheeler; log splitter; Allis Chalmers diesel tractor; sever Allis Chalmers WD 45 tractors; Dodge pickup; safe; stock trailer; cattle; motor home; corn planter." The court ordered appellant to return or restore these items and further specified that if he did not return or restore the items, then the court would hold a further hearing to determine the value of the items.
 {¶ 9} Appellant appealed the trial court's March 2005 judgment. We, however, dismissed the appeal for lack of a final appealable order. SeeIn re Tewksbury, Pike App. No. 05CA741, 2005-Ohio-7107.
 {¶ 10} On August 15, 2007, appellee and the heirs filed a motion to find appellant in contempt for failing to comply with the trial court's March 14, 2005 order. They also requested the court to hold a hearing to determine the value of the items not returned. *Page 4 
 {¶ 11} On September 17, 2007, the trial court held a hearing on the contempt motion. At the hearing, appellee and the heirs offered their best estimates of the value of the property not returned. They, however, did not present expert testimony regarding the value of the property. Appellant did not object to the testimony.
 {¶ 12} On October 2, 2007, the trial court determined the value of the items not returned to be $19,500 and imposed a 10% penalty. This appeal followed.
 I {¶ 13} In his first assignment of error, appellant argues that the trial court lacked jurisdiction over appellee's complaint.
 {¶ 14} "The jurisdiction of a court is that power conferred upon it by law, by which the court is authorized to hear, determine and render final judgment in an action, and to enforce its judgment by legal process." Borkosky v. Mihailoff (1999), 132 Ohio App.3d 508, 511,725 N.E.2d 694, citing State ex rel. Ellis v. Bd. of Deputy StateSupervisors of Cuyahoga Cty. (1904), 70 Ohio St. 341, 349, 71 N.E. 717. A court possesses initial authority to determine its own jurisdiction over the parties and the subject matter absent a patent and unambiguous lack of jurisdiction. State ex rel. Enyart v. O'Neill (1995),71 Ohio St.3d 655, 646 N.E.2d 1110. "Because subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time. It is a `condition precedent to the court's ability to hear the case. If a court acts without jurisdiction, then any proclamation by that court is void.' Id.;Patton v. Diemer (1988), 35 Ohio St.3d 68, 518 N.E.2d 941, paragraph three of the syllabus." Pratts v. Hurley 102 Ohio St.3d 81,2004-Ohio-1980, 806 N.E.2d 992, at ¶ 11 (citations omitted).
 {¶ 15} The existence of the trial court's subject matter jurisdiction is a question of *Page 5 
law that we review de novo. State ex rel. ACCSEA v. Balch, Athens App. No. 06CA26, 2007-Ohio-7168, at ¶ 22; Yazdani-Isfehani v.Yazdani-Isfehani, Athens App. No. 06CA6, 2006-Ohio-7105, at ¶ 20, citingState v. Moore, Highland App. No. 03CA18, 2004-Ohio-3977, at ¶ 8, andBurns v. Daily (1996), 114 Ohio App.3d 693, 701, 683 N.E.2d 1164. Therefore, we do not grant any deference to the trial court's conclusion. Balch at ¶ 22.
 {¶ 16} In the case at bar, appellee contends that appellant waived the right to appeal the trial court's lack of subject matter jurisdiction because he failed to challenge the court's jurisdiction during the trial court proceedings. Appellee's claim is meritless for two reasons. First, as stated above, a party cannot waive a court's subject matter jurisdiction and may raise it at any time. Second, appellant did raise the issue during the trial court proceedings. The parties filed "trial briefs" and appellant asserted the court's lack of jurisdiction. Thus, appellee's argument that appellant waived the issue is unavailing. Accordingly, we may properly consider whether the probate court exceeded its jurisdiction.
 {¶ 17} The probate court is a court of limited jurisdiction and only possesses the powers granted to it by statute. State ex rel. Lee v.Trumbull County Probate Court (1998), 83 Ohio St.3d 369, 372,700 N.E.2d 4; Corron v. Corron (1988), 40 Ohio St.3d 75, 77, 531 N.E.2d 708;Schucker v. Metcalf (1986), 22 Ohio St.3d 33, 34, 488 N.E.2d 210. "R.C. 2109.50 authorizes proceedings in a probate court proceeding against persons suspected of concealing, embezzling, or conveying away estate assets and permits an examination of persons on anything touching upon the matter of the concealment complaint." State ex rel. Goldberg v.Mahoning Cty. Probate Court (2001), 93 Ohio St.3d 160, 2001-Ohio-1297,753 N.E.2d 192, at ¶ 25. The statute provides:
 Upon complaint made to the probate court of the county *Page 6 
having jurisdiction of the administration of a trust estate or of the county wherein a person resides against whom the complaint is made, by a person interested in such trust estate or by the creditor of a person interested in such trust estate against any person suspected of having concealed, embezzled, or conveyed away or of being or having been in the possession of any moneys, chattels, or choses in action of such estate, said court shall by citation, attachment or warrant, or, if circumstances require it, by warrant or attachment in the first instance, compel the person or persons so suspected to forthwith appear before it to be examined, on oath, touching the matter of the complaint.
 {¶ 18} "An R.C. 2109.50 proceeding for the discovery of concealed or embezzled assets of an estate is a special proceeding of a summary, inquisitorial character whose purpose is to facilitate the administration of estates by summarily retrieving assets that rightfully belong there." Goldberg, at ¶ 23, citing In re Estate of Fife (1956),164 Ohio St. 449, 132 N.E.2d 185, paragraphs one and two of the syllabus. Proceedings under R.C. 2109.50 are quasi-criminal in nature.Fife, paragraph one of the syllabus. "The purpose of R.C. 2109.50 `is not to furnish a substitute for a civil action to recover judgment for money owing to an administrator or executor, but to provide a speedy and effective method for discovering assets belonging to the estate and to secure possession of them for the purpose of administration.'Goodrich v. Anderson (1940), 136 Ohio St. 509, 17 O.O. 152, 26 N.E.2d 1016." Fox v. Stockmaster, Seneca App. Nos. 13-01-34 and 13-01-35, at ¶ 61.
 {¶ 19} "[T]he inquiry under R.C. 2109.50 focuses on the ownership of the asset and whether possession of the asset is being impermissibly concealed or withheld from the estate. Thus, a plaintiff has stated an actionable cause under R.C. 2109.50 if he alleges that the asset is the exclusive property of the estate and that the defendant has unauthorized possession of the asset or in some way has impermissibly disposed of it." *Page 7 
 Wozniak v. Wozniak (1993), 90 Ohio App.3d 400, 407, 629 N.E.2d 500; see, also, In re Morrison's Estate (1953), 159 Ohio St. 285,50 O.O. 291, 112 N.E.2d 13, syllabus ("By the Constitution and statutory enactments, the Probate Court is invested with the power and jurisdiction to adjudicate a matter relating to the title to and status of personal property, where, during the administration of a decedent's estate in such court, decedent's widow files her petition asking for a declaration that certain personal property is an asset of the estate and must be administered as such, as against the claim that such property was effectually disposed of by the decedent during his lifetime through a written declaration of trust."). Thus, a probate court has jurisdiction over an action brought pursuant to R.C. 2109.50 to recover funds passed to a third party by inter vivos transaction when the validity of the underlying transfer is challenged. Rudloff v.Efstathiadis, Trumbull App. No. 2002-T-119, 2003-Ohio-6686, at ¶ 8. "[Although property that passed by inter vivos gift or transaction is not property of the estate retrievable by an executor under R.C. 2109.50, the probate court can determine that the inter vivos gift or transaction was invalid, in which case the property is an asset of the estate retrievable by R.C. 2109.50." Harrison v. Faseyitan,159 Ohio App.3d 325, 2004-Ohio-6808, 823 N.E.2d 925, at ¶ 36.
 {¶ 20} Moreover, "R.C. 2109.52 empowers the probate court to conduct a hearing in the concealment proceeding at which the court may determine questions of title concerning the allegedly concealed, embezzled, or conveyed estate assets, to determine whether the person accused is guilty and, if so, to enter judgment against the person found guilty for the amount of the money or value of assets with a ten percent penalty."Goldberg, at ¶ 27. The statute provides:
 When passing on a complaint made under section 2109.50 of *Page 8 
the Revised Code, the probate court shall determine, by the verdict of a jury if either party requires it or without if not required, whether the person accused is guilty of having concealed, embezzled, conveyed away, or been in the possession of moneys, chattels, or choses in action of the trust estate. If such person is found guilty, the probate court shall assess the amount of damages to be recovered or the court may order the return of the specific thing concealed or embezzled or may order restoration in kind. The probate court may issue a citation into any county in this state, which citation shall be served and returned as provided in section 2109.50, requiring any person to appear before it who claims any interest in the assets alleged to have been concealed, embezzled, conveyed, or held in possession and at such hearing may hear and determine questions of title relating to such assets. In all cases, except when the person found guilty is the fiduciary, the probate court shall forthwith render judgment in favor of the fiduciary or if there is no fiduciary in this state, the probate court shall render judgment in favor of the state, against the person found guilty, for the amount of the moneys or the value of the chattels or choses in action concealed, embezzled, conveyed away, or held in possession, together with ten per cent penalty and all costs of such proceedings or complaint * * *. *Page 9 
 {¶ 21} As the court further explained in Goldberg, at ¶ 36:
 "R.C. 2109.52 expressly authorizes probate courts in concealment proceedings to resolve `questions of title' for allegedly concealed, embezzled, or conveyed assets. See, also, State ex rel. Lipinski v. Cuyahoga Cty. Common Pleas Court, Probate Div. (1995), 74 Ohio St.3d 19, 22, 655 N.E.2d 1303 (`a declaratory judgment action may be brought in the probate court to determine the validity of inter vivos transfers where the property transferred would revert to the estate if the transfers are invalidated'). The cases permitting probate courts to determine the validity of preguardianship or predeath transactions have been held to be `consonant with the modern and prevailing view that the ends of justice are expedited and best served by the disposition of as many issues as is possible in a single proceeding.' Grannen [v. Ey (1974), 44 Ohio App.2d [55,] 60, 73 O.O.2d 52, 335 N.E.2d 735."
 {¶ 22} In the case at bar, appellant's claim that the trial court lacked subject matter jurisdiction over the concealment complaint is without merit. The complaint alleged that appellant had wrongfully concealed, embezzled, or otherwise disposed of estate assets. Appellant claims title to the assets by virtue of an inter vivos gift transactions. The validity of those transactions are disputed, and under the foregoing authorities, the probate court possessed jurisdiction to resolve the title issues and determine whether the assets belong to the decedent's estate. *Page 10 
 {¶ 23} Appellant claims that the probate court lacks jurisdiction over the concealment action because the decedent had gifted the items to him and, as such, the property was not an asset of the estate within the court's jurisdiction. He cites Burns v. Daily (1996),114 Ohio App.3d 693, 702-703, 683 N.E.2d 1164, to support his argument. InBurns, the court held that the probate court lacked jurisdiction to consider an R.C. 2109.50 complaint that sought to recover money the decedent had paid for legal services. The appellate court held that because the decedent had completed a valid inter vivos transaction, she did not possess title to the money at the time of her death. In reaching its decision, the court explained:
 "In order for an asset to belong to a probate estate, title to the asset must rest in the decedent upon her death. If title to personal property resides in the decedent upon her death, title to that property passes over to the executor or administrator of the estate, and the property can be properly considered `probate property' subject to a discovery proceeding under R.C. 2109.50. If, on the other hand, title does not reside in the decedent upon her death, but passed to a third party by inter vivos transaction or gift, then such property may not be included as an estate asset, and may not be retrieved by a summary proceeding in the probate court. Thus, `[i]n the final analysis the question of title is the ultimate question to be determined.' Smith v. Ross (App. 1939), 29 Ohio Law Abs. 553, 557."
Id. at 702-703.
 {¶ 24} Burns is distinguishable from the case at bar, however. In the instant case, appellee challenges the validity of the transactions that appellant claims were gifts. Thus, unlike the situation inBurns, in the case sub judice the validity of the transactions are disputed. Furthermore, a subsequent decision appears to limitBurns. See Rudloff, supra. In Rudloff, the decedent gave gifts of money and stock to the appellants shortly before his death. The executor challenged the validity of the transactions. The court determined that because the gifts were invalid, ownership *Page 11 
never passed from the decedent. The court thus held that the assets were properly part of the estate and that the probate court had jurisdiction under R.C. 2109.50 to hear the executor's claims. Id. at ¶ 13. The court held that when the validity of the underlying transaction is challenged, then the probate court possesses jurisdiction to assess the validity of the transaction to determine whether the property is appropriately an estate asset. See id.
 {¶ 25} In the instant matter, like Rudloff, the probate court possesses jurisdiction to determine whether the assets allegedly conveyed by inter vivos gift properly belong to the estate. Contrary to appellant's argument, Burns is inapposite.
 {¶ 26} Within his first assignment of error, appellant also asserts that the trial court erred by failing to permit additional witnesses to testify at the hearing. However, nothing in the record indicates that appellant ever requested the court to allow additional witnesses. It is well-established that we "will not consider any error which could have been brought to the trial court's attention, and hence avoided or otherwise corrected." Schade v. Carnegie Body Co. (1982),70 Ohio St.2d 207, 210, 436 N.E.2d 1001. A party waives and may not raise on appeal any error that arises during the trial court proceedings if that party fails to bring the error to the court's attention, by objection or otherwise, at a time when the trial court could avoid or correct the error. Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, 121,679 N.E.2d 1099; Stores Realty Co. v. City of Cleveland Bd. of Bldg. Standards andBldg. Appeals (1975), 41 Ohio St.2d 41, 43, 322 N.E.2d 629. Thus, because we find no timely objection, appellant waived the right to raise this issue on appeal.
 {¶ 27} Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error. *Page 12 
 II {¶ 28} In his second assignment of error, appellant contends that the trial court failed to comply with R.C. 2109.50. Specifically, he complains that the trial court failed to comply with the statute in the following respects: (1) the court did not require him to sign the examination; (2) the court did not find him guilty of concealing assets until four years after the initial complaint was filed and, thus, failed to resolve the matter in an "expeditious, effective, and speedy" manner; (3) appellee did not file a proper R.C. 2109.50 complaint until September 2003, after the examination had already occurred; and (4) the court did not issue a final judgment until six and one-half years after the initial complaint.
 {¶ 29} Appellant did not object to any of the foregoing issues during the trial court proceedings. Consequently, he has waived the issues for purposes of appeal. See Goldfuss, supra. Moreover, appellant has not shown how any of the alleged errors prejudiced him. The purpose of a speedy resolution of an R.C. 2109.50 complaint is to return the assets to the estate, not to unburden the alleged concealer or embezzler. Thus, appellant cannot demonstrate, and has not fully argued, that he suffered any prejudice. Furthermore, appellant cannot show how his failure to sign the examination prejudiced him. He does not argue that his failure to sign the examination renders the testimony he gave invalid or untrue. Additionally, even if the initial 2001 complaint was not proper, it at least provided proper notice to appellant of the claim and, thus, he again cannot show prejudice.
 {¶ 30} Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error.
 III *Page 13 {¶ 31} In his third assignment of error, appellant asserts that the trial court's judgment is against the manifest weight of the evidence.
 {¶ 32} Generally, we will not reverse a judgment as against the manifest weight of the evidence as long as some competent and credible evidence supports it. See, e.g., Shemo v. Mayfield Hts. (2000),88 Ohio St.3d 7, 10, 722 N.E.2d 1018; C.E. Morris Co. v. Foley ConstructionCo. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus. This standard of review is highly deferential and even "some" evidence is sufficient to support a court's judgment and to prevent a reversal. SeeBarkley v. Barkley (1997), 119 Ohio App.3d 155, 159, 694 N.E.2d 989;Willman v. Cole, Adams App. No. 01CA725, 2002-Ohio-3596, at ¶ 24.
 {¶ 33} Moreover, "an appellate court should not substitute its judgment for that of the trial court when there exists * * * competent and credible evidence supporting the findings of fact and conclusion of law." Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80,461 N.E.2d 1273. Issues relating to the credibility of witnesses and the weight to be given the evidence are primarily for the trier of fact. As the court explained in Seasons Coal Co.:
 "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."
Id. Thus, a trial court may believe all, part, or none of the testimony of any witness who appears before it. Rogers v. Hill (1998),124 Ohio App.3d 468, 470, 706 N.E.2d 438; Stewart v. B.F. Goodrich Co. (1993),89 Ohio App.3d 35, 42, 623 N.E.2d 591.
 {¶ 34} In the case at bar, appellant challenges the trial court's finding that the decedent did not make valid inter vivos gifts of the disputed property. Before the *Page 14 
decedent's death, appellant held a power of attorney. Because a fiduciary relationship existed between the decedent and appellant, the law presumes the invalidity of the gifts. See Bacon v. Donnet, Summit App. No. 21201, 2003-Ohio-1301, at ¶ 30 ("[s]elf-dealing transactions by a fiduciary are presumptively invalid"); Brooks v. Bell (Apr. 10, 1998), Hamilton App. No. C-970548 ("[w]here a confidential or fiduciary relationship exists between a donor and a donee * * * a presumption arises that the transfer was unauthorized"); In re Worrall (Apr. 11, 1994), Butler App. No. CA93-10-201 ("[w]hen a gift is made between parties occupying a fiduciary, confidential, or dependent relationship, a presumption arises that such gift is void"). To overcome the presumption, the donee must show, by clear and convincing evidence, that the donor intended to make a gift. Fife, 164 Ohio St. at 456.
 {¶ 35} In the case sub judice, the trial court obviously concluded that appellant did not establish that appellant was the recipient of a valid inter vivos gift, especially in light of his fiduciary relationship with the decedent. Although appellant testified that the decedent wanted him to have the property, the trial court had no obligation to believe his testimony. Appellant's complaint that the same judge did not enter the final finding of guilt and the initial order that he return the property is without merit. Even though the same trial judge who initially ordered appellant to return the property was not the same judge who entered the final finding of guilt, the first trial judge obviously found that appellant wrongfully held the property, inasmuch as he ordered appellant to return the property. The second trial judge simply gave effect to the prior judge's finding.
 {¶ 36} Appellant next argues that the trial court's valuation of the property is against the manifest weight of the evidence. He asserts that appellee should have established the value of the property through the testimony of a qualified appraiser, and *Page 15 
that the persons who testified as to the property's value were not qualified to express an opinion as to the value. First, we note that appellant did not object during the trial court proceedings to the witnesses' testimony regarding the value of the property. Because appellant could have called the alleged error to the trial court's attention for correction but did not, his failure to object waives the alleged error. See Goldfuss, supra.
 {¶ 37} Accordingly, based upon the foregoing reasons, we overrule appellant's third assignment of error and hereby affirm the trial court's judgment.
 JUDGMENT AFFIRMED. *Page 16 
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellees recover of appellant the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Common Pleas Court, Probate Division, to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J.:Concurs in Judgment Opinion as to Assignments of Error I II; Concurs in Judgment Only as to Assignment of Error III McFarland, J.: Concurs in Judgment Opinion
[1] Several other heirs eventually were included in the trial court proceedings and are named as appellees. For ease of analysis, however, we refer to the estate administrator as the sole appellee. *Page 1