[Cite as *DeChellis v. Estate of DeChellis*, 2020-Ohio-5111.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| PATTY DeCHELLIS, et al., | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff - Appellants | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| ESTATE OF PHILIP JOHN DeCHELLIS, | : | Case No. 2020CA00025 |
| David L. Dingwell, Administrator WWA | : | |
| | : | |
| Defendant - Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Stark County Court
of Common Pleas, Probate Division,
Case No. 228240

JUDGMENT:     Affirmed

DATE OF JUDGMENT:     October 29, 2020

APPEARANCES:

For Plaintiff-Appellants

CRAIG T. CONLEY
220 Market Avenue South
Suite 604
Canton, Ohio 44702

For Defendant-Appellee

DAVID L. DINGWELL
Tzangas Plakas Mannos Ltd
220 Market Avenue South
8th Floor

*Baldwin, J.*

{¶1} Appellants, Patricia DeChellis and Daniel DeChellis, appeal the decision of the Stark County Court of Common Pleas, Probate Division, denying their motions to vacate that court's order of October 10, 2018. Appellee is the Estate of Phillip John DeChellis.

## STATEMENT OF FACTS AND THE CASE

{¶2} Patricia and Daniel DeChellis unsuccessfully appealed the October 10, 2018 decision of the trial court finding them "****guilty of having concealed, embezzled, conveyed away, or having been in possession of monies owned by Philip John DeChellis and now belonging to his Estate***" and ordering judgment "in favor of Ann Heffner, Executrix of the Estate of Philip John DeChellis, deceased, in the amount of $750,000.00 for monies concealed, embezzled, conveyed away, or in possession of Patricia DeChellis and Daniel DeChellis****." (Findings of Fact and Conclusions of Law and Judgment Entry, Oct 10, 2018, p.7) Appellant's assignments of error in that appeal included the assertion that the judgment was against the manifest weight of the evidence arguing that appellee therein provided "no direct evidence that [the $750,000.00 in cash] ever actually existed, or if existent, that Appellants had taken same; i.e., she proffered neither any documentary evidence nor any eyewitness testimony for those allegations." (Appellant's Brief, p.12, *Estate of DeChellis v. DeChellis,* 5th Dist. No. 2018CA00153, 2019-Ohio-3078, 140 N.E.3d 1193).

{¶3} We denied appellants' four assignments of error and affirmed the decision of the trial court. We also denied appellants subsequent requests for reconsideration and enbanc review on November 8, 2019.

**{¶4}** On August 5, 2019, Appellants filed a motion to vacate the October 10, 2018 order finding them guilty of concealing assets and issuing a judgment against them in the amount of $750,000.00, the same order that was the subject of the appeal in *Estate of DeChellis v. DeChellis,* 5th Dist. No. 2018CA00153, 2019-Ohio-3078, 140 N.E.3d 1193. The appellants filed a second motion to vacate the same order on August 9, 2019. The appellants argued that the trial court lacked subject matter jurisdiction in the first motion and, in the second motion, that a witness's alleged perjurious testimony supported a finding of "mistake, inadvertance, surprise or excusable neglect" that should lead to a vacation of the judgment under Civ.R. 60(B). Appellee opposed the motions and appellants filed supplemental memoranda in support of their motion.

**{¶5}** The trial court denied the motions to vacate on January 21, 2020 and appellant filed a notice of appeal, submitting one assignment of error:

**{¶6}** "I. THE TRIAL COURT ERRED IN DENYING RESPONDENTS'/APPELLANTS' MOTIONS TO VACATE ITS OCTOBER 10, 2018 JUDGMENT ENTRY."

## STANDARD OF REVIEW

**{¶7}** Appellants have appealed the trial court's denial of two motions to vacate, one claiming the trial court had no jurisdiction and the second alleging Civ.R. 60(B)(1), (3) or (5) supports vacating the judgment against them. Both motions seek the same result, but we apply a different standard of review to each.

## STANDARD OF REVIEW FOR RULE 60(B) RELIEF

**{¶8}** To prevail on a motion to vacate a judgment pursuant to Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense to present if relief

is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and where the grounds of relief are Civ. R. 60(B)(1), (2), or (3), not more than one year after the judgment. *GTE Automatic Electric Company, Inc. v. ARC Industries, Inc. (*1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. The *GTE Automatic* factors are "independent and conjunctive, not disjunctive." *Blaney v. Kerrigan* (Aug. 4, 1986), Fairfield App. No. 12–CA–86. "[F]ailing to meet one is fatal, for all three must be satisfied in order to gain relief." *Id.* at 5. Our standard of review of a court's decision as to whether to grant a Civ. R. 60(B) motion is abuse of discretion. *Id.* at 148.

**STANDARD OF REVIEW FOR MOTION TO VACATE FOR LACK OF JURISDICTION**

**{¶9}** Appellant's first motion to vacate implicated the trial court's subject-matter jurisdiction, and determining whether a trial court has subject matter jurisdiction is reviewed de novo. *Wells Fargo Bank, N.A. v. Elliot*, 5th Dist. Delaware No. 13 CAE 03 0012, 2013–Ohio–3690 as quoted in *Dotts v. Schaefer*, 5th Dist. Tuscarawas No. 2014 AP 03 0012, 2015-Ohio-781, ¶9. See also *Klosterman v. Turnkey-Ohio, LLC*, 182 Ohio App.3d 515, 2009-Ohio-2508, ¶19 (10th Dist.) (We review questions of subject-matter jurisdiction de novo.)

**ANALYSIS**

**MOTION TO VACATE FOR SUBJECT MATTER JURISDICTION**

**{¶10}** Appellants' contend the trial court erred because it had no subject matter jurisdiction to consider the concealment action and therefor it had no authority to render judgment in the case. The testimony of witnesses, according to appellants, showed that "the Trial Court clearly lacked O.R.C. 2109.50 jurisdiction over the subject $750,000.00

of Decedent's cash because same was not an Estate asset." Appellants provide authority for their contention that the funds at issue were the subject of an inter vivos gift, not a probate asset, and that the probate court lacked jurisdiction to determine interest in the asset. Despite presenting the argument as an attack on jurisdiction, appellants' argument is no more than an assertion that the trial court erred in finding that the funds at issue were an estate asset. Realizing that such an argument would be barred by res judicata, appellants use the shield of subject matter jurisdiction, an unwaivable prerequisite to judicial action, to preserve their argument. We find their argument regarding jurisdiction has no merit.

> Subject-matter jurisdiction is the power of a court to entertain and adjudicate a particular class of cases. *** A court's subject-matter jurisdiction is determined without regard to the rights of the individual parties involved in a particular case. *** A court's jurisdiction over a particular case refers to the court's authority to proceed or rule on a case that is within the court's subject-matter jurisdiction. *** This latter jurisdictional category involves consideration of the rights of the parties. If a court possesses subject-matter jurisdiction, any error in the invocation or exercise of jurisdiction over a particular case causes a judgment to be voidable rather than void. ***

*Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 19 (2014).

> The general subject matter jurisdiction of Ohio courts of common pleas is defined entirely by statute pursuant to Section 4(B), Article IV of the

Ohio Constitution, which states that '[t]he courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters *** as may be provided by law.' *** However, the General Assembly has allocated certain subject matters to the exclusive original jurisdiction of specified *divisions* of the courts of common pleas.

*State v. Wilson,* 73 Ohio St.3d 40, 42, 1995-Ohio-217, 652 N.E.2d 196 (1995).

**{¶11}** The Ohio Constitution and statutes invest the Probate Court with the power and jurisdiction to adjudicate a matter relating to the title to and status of personal property, where, during the administration of a decedent's estate in such court, the estate files petition asking for a declaration that certain personal property is an asset of the estate and must be administered as such, as against the claim that such property was transferred as an inter vivos gift. (Ohio Constitution, Article III, Section 5; R.C. 2101.24(B)(1)(c)(4)). Thus, a probate court has jurisdiction over an action brought pursuant to R.C. 2109.50 to recover funds allegedly passed to a third party by inter vivos transaction when the validity of the underlying transfer is challenged. *Tewksbury v. Tewksbury*, 4th Dist. Pike No. 07CA771, 2008-Ohio-4600, 2008 WL 4174822 ¶ 19 quoting *Rudloff v. Efstathiadis,* 11th Dist. Trumbull No. 2002–T–119, 2003-Ohio-6686, 2003 WL 22931382, ¶ 8. "[A]lthough property that passed by inter vivos gift or transaction is not property of the estate retrievable by an executor under R.C. 2109.50, the probate court can determine that the inter vivos gift or transaction was invalid, in which case the property is an asset of the estate retrievable by R.C. 2109.50." *Harrison v. Faseyitan,* 159 Ohio App.3d 325, 2004-Ohio-6808, 823 N.E.2d 925 (7th Dist.), ¶ 36 as quoted in *State v. Harmon*, 5th Dist. No. 2016AP080042, 2017-Ohio-320, 72 N.E.3d 704, ¶ 20.

**{¶12}** We find that appellants' insistence that the $750,000.00 at issue was an inter vivos gift has no impact on the probate court's jurisdiction to hear appellee's claim under R.C. 2109.50, but can serve a means to "rebut and overcome the prima facie case" of concealment by presenting clear and convincing evidence of "a present intention on the part of the donor to make a gift" to the suspected person. (Citations omitted.) *Lance v. Boldman,* 9th Dist. No. 16AP0032, 2018-Ohio-44, 93 N.E.3d 1013, ¶¶ 36-37. We note that appellants chose not to make that argument at the trial of this matter or in their direct appeal.

**{¶13}** The trial court concluded the appellants concealed an asset of the estate, the $750,000.00 in cash. Whether that decision was error was a matter for a direct appeal that has no impact on the trial court's subject matter jurisdiction. Appellants filed a direct appeal and did not include any assertion that they had argued in the trial court the funds were an inter vivos gift, so that alleged error is waived and cannot be resurrected.

**{¶14}** We find appellants' argument that the trial court lacked subject matter jurisdiction without merit.

### RULE 60(B) MOTION

**{¶15}** Appellants filed a second motion to vacate the trial court's judgment claiming they were entitled to relief pursuant to subsections 1, 3 or 5 of Civ.R. 60(B). Appellants must show the following to be eligible for relief under this rule:

(1)     the party has a meritorious defense to present if relief is granted;

(2)     the party is entitled to relief under one of the grounds stated in Civ.

R. 60(B)(1) through (5); and

(3)     the motion is made within a reasonable time, and where the grounds

of relief are Civ. R. 60(B)(1), (2), or (3), not more than one year after the

judgment.

*GTE Automatic Electric Company, Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146,

351 N.E.2d 113, paragraph two of the syllabus.

**{¶16}** The *GTE Automatic* factors are "independent and in the conjunctive, not the

disjunctive." *Blaney v. Kerrigan* (Aug. 4, 1986), Fairfield App. No. 12–CA–86, *2 "[F]ailing

to meet one is fatal, for all three must be satisfied in order to gain relief***" *Id.*

**{¶17}** Appellants' argument fails to describe a meritorious defense to present if

relief is granted. They refer to the record and offer argument in support of their assertion

that they are entitled to relief, but never claim they have a meritorious defense to present,

thus the assignment of error should be denied. If we could distill any defense from the

appellants' arguments, we would find the defense barred by res judicata.

**{¶18}** Appellants describe facts that, through a strained analysis, might be viewed

as an attempt to assert a defense. Throughout their motion to vacate and their briefs,

appellants offer argument that the court "relied upon Heffner's false representations to it,

without which it would not have found Appellant's guilty of concealment." (Appellants'

Brief, p. 6). Appellant Daniel Patrick claims that he would inherit a portion of the concealed

funds, that a portion belonged to his grandmother which should reduce the amount of any

judgment and that Heffner's trial testimony should have been rejected for lack of

credibility.

**{¶19}** If, arguendo, we would accept appellant's assertions as defenses, we would

find they are barred by res judicata  as the facts were known and the defenses could have

been raised during trial or on direct appeal, but were not. *State v. Scruggs,* Franklin App. No. 02AP-621, 2003-Ohio-2019. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus. Therefore, any issues that appellant raised or could have raised in his direct appeal are barred by res judicata in other proceedings. *State v. Reynolds*, 79 Ohio St.3d 158, 161, 679 N.E.2d 1131 *(*1997).

**{¶20}** Appellants began arguing that Heffner's testimony lacked credibility during the initial trial phase of this case, prior to the first appeal. Appellants requested additional time to acquire a transcript of the testimony from a related case for use in this matter and offered it as a foundation for their argument that Heffner was untrustworthy, may have committed perjury and that her testimony must be disregarded. (Motion for Conditional Continuance of Trial, Aug. 8, 2018, Docket 105). Further, appellants knew or had good reason to know of the argument that appellant Daniel DeChellis should not be charged with the concealment of an amount equivalent to his share of the concealed funds and the record reflects that appellants were aware of the possibility that $16,000.00 of the concealed funds might be claimed by a relative other than the parties to this case. Appellants had access to this knowledge, chose not to present it to the court, and instead pursued an argument that the record lacked evidence sufficient to support the trial court's finding and three other unrelated assignments of error in their original direct appeal. They

cannot now present these arguments through an appeal of a motion to vacate because "[a] party may not use a Civ.R. 60(B) motion as a substitute for a timely appeal"7 and res judicata bars their efforts. *Doe v. Trumbull Cty. Children Services Bd.*, 28 Ohio St.3d 128, 502 N.E.2d 605 (1986) paragraph 2 of the syllabus.

**{¶21}** We find that appellants have failed to assert that they would have a meritorious defense if the motion was granted, have failed to set forth operative facts supporting a meritorious defense and, to the extent the facts alleged could be interpreted to state a meritorious defense, those defenses would be barred by res judicata.

**{¶22}** Appellants' assignment of error is denied and the judgment of the Stark County Court of Common Pleas, Probate Division is affirmed.

By: Baldwin, J.

Wise, John, P.J. and

Wise, Earle, J. concur.